UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MANGO,<br><br>                              Plaintiff,<br><br>- against -<br><br><br>BUZZFEED, INC.<br><br>                              Defendant. | Docket No. 17-cv-6784 (VM-NF)<br><br>JURY TRIAL DEMANDED |

# FIRST AMENDED COMPLAINT

Plaintiff Gregory Mango ("Mango" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Buzzfeed, Inc. ("Buzzfeed" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act; and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act.  This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph depicting a man named Raymond Parker.  The photograph is owned and registered by Mango, a New York-based professional photographer.  Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Mango is a professional photojournalist having a usual place of business at 210 17th Street, Unit 3, Brooklyn, NY 11215.

6. Upon information and belief, Buzzfeed is a foreign business corporation duly organized and existing under the laws of Delaware with a place of business at 111 East 18th Street, 13th Floor, New York, NY 10003.

7. Upon information and belief, Buzzfeed is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

8. At all times material hereto, Defendant has owned and operated the website at the URL: www.buzzfeed.com (the "Website").

9. Buzzfeed is a for-profit entity.

10. Buzzfeed publishes news content.

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

11. Mango photographed a man named Raymond Parker (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

12. Mango then licensed the Photograph to the New York Post.

13. On January 18, 2017, the New York Post ran an article that featured the Photograph on its web edition entitled *Bharara sues city over NYPD rejecting man with HIV*. *See* http://nypost.com/2017/01/18/bharara-sues-city-over-nypd-rejecting-man-with-hiv/

14. The New York Post included an authorship credit (also known as a "gutter credit") below the Photograph which clearly identified Mango as the author of the Photograph. A true and correct copy of the New York Post article is attached hereto as Exhibit B.

15. Mango is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

16. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-036-434, effective as of March 26, 2017 (the "434 Registration"). A true and correct copy of the 434 Registration, along with the underlying application and copy of the Photograph on deposit with the U.S. Copyright Office, is attached hereto as Exhibit C.

**B.    Defendant's Infringing Activities**

17. On April 11, 2017, Defendant ran an article on the Website entitled *New York City to Pay HIV-Positive Man Denied Job With NYPD $50,000*. *See* https://www.buzzfeed.com/mikehayes/new-york-city-to-pay-hiv-positive-man-denied-a-job-with?utm_term=.dmLabZR8M#.dsxXBRybd (the "Article").

18. Defendant's Article prominently features the Photograph. Screenshots of the Article as it appears on the Website, along with a print-out of relevant pages from the Article, are attached hereto as Exhibit D.

19. Commercial advertisements on Defendant's Website appear adjacent to, below or above the Photograph.

20. Defendant did not license the Photograph from Plaintiff for its article, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on its Website.

21. Upon information and belief, Defendant removed Mango's authorship credit from the article on its Website.

22. Within the last year, Buzzfeed has been sued for copyright infringement at least four times.

23. Defendant is in the publishing industry.

24. Defendant is knowledgeable about licensing photographs.

25. At the time Defendant published the Photograph, Defendant was being represented by sophisticated counsel who is well-versed in U.S. Copyright law.

26. In 2015, NBCUniversal reportedly invested $250 million in Buzzfeed at a $1.5 billion valuation.  It is also reported that Buzzfeed generated more than $100 million in revenue in 2014.  *See* https://www.inc.com/business-insider/nbc-universal-reportedly-investing-in-buzzfeed.html.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST BUZZFEED)**
(17 U.S.C. §§ 106, 501)

27. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-26 above.

28. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.  Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

29. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

30. Upon information and belief, and consistent with paragraphs 22-26 of this Amended Complaint, the foregoing acts of infringement by Defendant have been willful and in reckless disregard of and indifference to Plaintiff's rights.

31. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

32. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

33. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION**
**AGAINST BUZZFEED)**
**(17 U.S.C. § 1202)**

34. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-33 above.

35. When the Photograph was published in an article in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

36. Upon information and belief, Defendant copied the Photograph from the New York Post, which contained copyright management information, and pasted it on the Website.

37. Upon information and belief, Defendant intentionally and knowingly removed copyright management information identifying Mango as the author of the Photograph.

38.     The conduct of Defendant violates 17 U.S.C. § 1202(b).

39.     Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

40.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally and knowingly.

41.     Upon information and belief, and based on Buzzfeed's high level of sophistication in matters of U.S. Copyright Law, the falsification, alteration and/or removal of said copyright management information was made by Buzzfeed with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.  Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

42.     As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.  That Defendant Buzzfeed be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.  That Defendant Buzzfeed be ordered to permanently remove the Photograph from its Website;

3. That Defendant Buzzfeed be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

4. That, with regard to the First Claim for Relief, Plaintiff be awarded statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment and post-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 22, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman
   James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Gregory Mango*