USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/19/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
GREGORY MANGO,                    :
                                  :      DECISION AND ORDER
                 Plaintiff,       :
                                  :
    - against -                   :      17 Civ. 6784
                                  :
BUZZFEED, INC.,                   :
                                  :
                 Defendant.       :
----------------------------------X

VICTOR MARRERO, U.S.D.J.:

    Plaintiff Gregory Mango ("Mango") brought this action
against defendant BuzzFeed, Inc. ("BuzzFeed"), alleging that
BuzzFeed reproduced and published without authorization a
copyrighted photograph owned by Mango. (See "Amended
Complaint," Dkt. No. 16.) Mango alleges that he created a
photograph depicting a man named Raymond Parker (the
"Photograph"), licensed the Photograph to the *New York Post*,
a daily newspaper, and registered the Photograph with the
U.S. Copyright Office. (See id. ¶¶ 11-16.) Mango alleges that
BuzzFeed subsequently published a copy of the Photograph on
its website, BuzzFeed News, without licensing the Photograph
or otherwise obtaining permission from Mango.
(See id. ¶¶ 17-26.) On these facts Mango brings claims for
copyright infringement (Count I) and for the removal of

1

copyright management information (Count II). (See id. ¶¶ 27-42.)

A one-day bench trial is scheduled for August 13, 2018. BuzzFeed filed two motions in limine pursuant to Federal Rules of Evidence ("FRE") 401, 402, 403, and 602. (Dkt. Nos. 38, 39.) BuzzFeed seeks to preclude Mango from: (1) presenting evidence regarding BuzzFeed's general financial condition (see "First Motion," Dkt. No. 38), and (2) calling Wajmah Yaqubi ("Yaqubi"), who works in BuzzFeed's legal department, as a witness (see "Second Motion," Dkt. No. 39). For the following reasons, the First Motion is GRANTED and the Second Motion is DENIED.

## I.   **LEGAL STANDARDS**

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citation omitted). FRE 402 provides that relevant evidence is generally admissible, and FRE 403 provides that evidence that is relevant may nonetheless be excluded if its probative value is substantially outweighed by, among other considerations,

2

the danger of unfair prejudice, confusion of the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 402, 403. Under FRE 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. FRE 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. A witness's own testimony may prove her personal knowledge. See id.

## II.   **FIRST MOTION: BUZZFEED'S FINANCIAL INFORMATION**

BuzzFeed moves to preclude Mango from introducing evidence detailing BuzzFeed's net worth and general financial condition. (See First Motion.) BuzzFeed argues that such evidence would not be relevant to any damages calculation in this case, whether Mango elects to seek actual or statutory damages. (See id. at 2-3.) Additionally, BuzzFeed argues that any relevance of the financial information would be substantially outweighed by the prejudice BuzzFeed would suffer by producing it because the requested data is highly sensitive for the private company. (See id. at 4.) Finally, BuzzFeed argues that the evidence has particularly low

3

probative value in light of the fact that it has offered to stipulate to BuzzFeed's size, number of employees, and international presence, thereby obviating the need to disclose sensitive financial information. (See id. at 6.)

In opposition to the First Motion, Mango argues that BuzzFeed's financial condition is relevant to the deterrence effect of a potential damages award, which is a factor for the Court to consider in calculating statutory damages under the Copyright Act. (See "Pl. Mem. of Law" at 8-10, Dkt. No. 40.) Mango argues that BuzzFeed's arguments for excluding the financial information presuppose that the alleged infringement in this case was not willful, but, Mango argues, he will prove willfulness at trial. (See id. at 10-11.) Mango further argues that a statutory damages award that will deter a defendant need not be based on the licensing fee the defendant would have paid if it obtained a license before publication. (See id. at 11-13.) Finally, Mango argues that it would be amenable to stipulating to BuzzFeed's size, number of employees, international presence, and its approximate total net worth in order to avoid presenting live testimony about BuzzFeed's financial condition. (See id. at 14.)

In reply, BuzzFeed argues that Mango has failed to show how the probative value of producing evidence of BuzzFeed's

4

total net worth would outweigh the prejudice BuzzFeed would suffer as a result, especially in light of the fact that this is a case regarding a single use of a single photograph. (See "Def. Reply" at 4-5, Dkt. No. 42.) BuzzFeed argues that the information to which it offered to stipulate, without including information about the company's total net worth, would be sufficient information about the size of the company for the Court to calculate statutory damages. (See id. at 5-6.)

Section 504 of the Copyright Act provides that a copyright owner may elect to pursue either actual damages or statutory damages as a remedy for copyright infringement. See 17 U.S.C. § 504; see also Barcroft Media, Ltd. v. Coed Media Grp., LLC, 297 F. Supp. 3d 339, 356 (S.D.N.Y. 2017). Statutory damages may range from $750 to $30,000 for each copyrighted work, although a court may increase the award up to $150,000 for willful infringement and may decrease it to $200 for an innocent infringement. See 17 U.S.C. §§ 504(c)(1), (2). In determining the amount of statutory damages, a court considers: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's

cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010).

"Second Circuit case law . . . reflects that courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid." Broad. Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016); see also Barcroft Media, 297 F. Supp. 3d at 359; Erickson Prods., Inc. v. Only Websites, Inc., No. 12-cv-1693, 2016 WL 1337277, at *3 (S.D.N.Y. Mar. 31, 2016). In most cases, calculating statutory damages as a multiple of a reasonable licensing fee accomplishes the necessary deterrence by "put[ting] infringers on notice that it costs less to obey the copyright laws than to violate them." Broad. Music, 158 F. Supp. 3d at 198 (internal quotation marks and citation omitted).[1]

The Court is persuaded that evidence of BuzzFeed's total net worth is not relevant to a potential statutory damages

---

[1] To be sure, caselaw does not require a direct correlation between the value of a reasonable licensing fee and a statutory damages award. See Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 127 (2d Cir. 2014). Nonetheless, a statutory damages award that far exceeds a single-digit multiple of a reasonable licensing fee is generally appropriate only where

calculation in this case. BuzzFeed has agreed to stipulate to
its size, number of employees, and international presence,
and those facts will suffice to give the Court an
understanding of the deterrent effect of a potential
statutory damages award. Any statutory damages calculation in
this case will surely pale in comparison to the total net
worth of BuzzFeed; learning the total net worth of the company
will therefore not helpfully inform the Court's calculation.
Additionally, any potential relevance of BuzzFeed's financial
data would be substantially outweighed by the delay and waste
of time the presentation of such evidence would cause and the
prejudice BuzzFeed would suffer as a result of disclosing
private financial data.

Therefore, the Court GRANTS BuzzFeed's motion to
preclude evidence concerning BuzzFeed's financial condition.

### III. SECOND MOTION: YAQUBI'S TESTIMONY

With the Second Motion, BuzzFeed seeks to prevent Mango
from obtaining testimony from Yaqubi about BuzzFeed's

---

the infringement at issue is more large-scale or otherwise pernicious
than the infringement alleged in this case, which relates to a single
production of a single photograph. See, e.g., UMG Recordings, Inc. v.
MP3.Com, Inc., No. 00-cv-472, 2000 WL 1262568, at *6 (S.D.N.Y. Sept. 6,
2000) (stating that a defendant's "size and financial assets are highly
relevant" to a statutory damages calculation where the infringement at
issue consisted of large-scale infringement and where the purpose of the
award was to deter internet companies from believing that "because their
technology is somewhat novel, they are somehow immune from the ordinary
applications of laws of the United States, including copyright law").

"standards and practices, training given to BuzzFeed employees generally, and the witness's investigation of the claim following the filing of the lawsuit." (Second Motion at 1.) BuzzFeed argues that Yaqubi's involvement in the case is limited to her investigation of BuzzFeed's use of the Photograph after Mango filed the instant case. (See id. at 2.) BuzzFeed asserts that Yaqubi therefore has no personal or unique knowledge concerning the "licensing, attribution, and use of the [P]hotograph." (See id. at 2-3.) BuzzFeed additionally argues that any knowledge Yaqubi has of BuzzFeed's general training practices would not be relevant to the training Michael Hayes ("Hayes"), the author of the BuzzFeed article containing the Photograph, received from BuzzFeed. (See id. at 3-4.) Finally, BuzzFeed argues that any testimony Yaqubi would provide about Hayes's training would be cumulative of Hayes's own testimony. (See id.)

Mango opposes the Second Motion, arguing that Yaqubi has direct knowledge of whether BuzzFeed's counsel authorized the unlicensed publication of the Photograph as well as any remedial actions BuzzFeed took once it had notice of the infringement. (See Pl. Mem. of Law at 16.) Mango additionally argues that it would be relevant to an inquiry of willfulness to hear testimony from an employee in BuzzFeed's legal

8

department about the company's general standards and practices in obtaining licensing fees and the training it provides to employees about how to comply with United States copyright law. (See id.) Mango finally argues that if BuzzFeed does not believe that Yaqubi is competent to answer these institutional questions then BuzzFeed must identify another corporate representative who would be so competent. (See id.)

In reply, BuzzFeed argues that the company's general standards and practices are irrelevant to a willfulness inquiry since what is at issue in this case is BuzzFeed's conduct with respect to its publication of the Photograph, and not its policies generally. (See Def. Reply at 8-9.) BuzzFeed additionally reiterates that any testimony Yaqubi could provide about the publication of the Photograph would be cumulative of Hayes's testimony on the same topic. (See id. at 9-10.)

The Court is persuaded that Yaqubi's testimony would be relevant to a statutory damages calculation in this case. BuzzFeed states that Yaqubi was involved in the company's investigation after BuzzFeed published the Photograph. (See Second Motion at 2.) Mango argues that Yaqubi is part of an email exchange demonstrating that she was also aware of BuzzFeed's legal department's conduct prior to the

9

Photograph's publication. (See Pl. Mem. of Law at 16.) Yaqubi's knowledge of BuzzFeed's conduct both before and after it published the Photograph is relevant to the "infringer's state of mind" and the "conduct and attitude of the parties." Barcroft Media, 297 F. Supp. at 358-59 (citation omitted).

In addition, courts consistently consider testimony about a company's pre- and post- infringement practices and training programs in assessing whether the unlicensed publication of a photograph was willful. See, e.g., id. at 358 (stating that the defendant's culpability was diminished for purposes of a statutory damages inquiry because several "witnesses testified about practices the company has put into place recently to ensure that content on its websites is properly licensed"); Psihoyos v. John Wiley & Sons, Inc., No. 11-cv-1416, 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012), aff'd, 748 F.3d 120 (2d Cir. 2014) (describing evidence relevant to the court's statutory damages determination to include evidence that the infringer "had failed to adopt copyright compliance policies").

Mango has thus shown that Yaqubi's testimony will be relevant to assessing the willfulness of the alleged infringement, and, consequently, to a determination of the

10

proper multiplier to be used in calculating statutory damages.[2]

Therefore, the Court DENIES BuzzFeed's motion to exclude testimony from Yaqubi.

## IV.   ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion in limine (Dkt. No. 38) of defendant BuzzFeed, Inc. ("BuzzFeed") to exclude evidence concerning BuzzFeed's financial information is **GRANTED**; and it is further

**ORDERED** that the motion in limine (Dkt. No. 39) of BuzzFeed to exclude witness testimony of Wajmah Yaqubi is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
       19 July 2018

VICTOR MARRERO
U.S.D.J.

---

[2] BuzzFeed's objection to Yaqubi's designation as a witness under Rule 602 of the Federal Rules of Evidence is also unpersuasive. Yaqubi's testimony can establish the scope of her knowledge and admissible testimony. See Fed. R. Evid. 602. As Mango notes, if BuzzFeed determines that another of its employees would be more competent to provide testimony about BuzzFeed's policies and practices, then the parties can arrange for the presentation of an alternate witness.