UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY MANGO,

                        Plaintiff,

- against -

BUZZFEED, INC.

                        Defendant.

Docket No. 17-cv-6784 (VM-KNF)

ECF CASE

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5)

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

BACKGROUND ...................................................................................................................... 1

LEGAL STANDARD .............................................................................................................. 2

ARGUMENT ............................................................................................................................ 3

POINT I: THE HOURLY RATES OF PLAINTIFF'S ATTORNEYS ARE REASONABLE ..... 3

POINT II:   THE NUMBER OF HOURS EXPENDED BY PLAINTIFF'S COUNSEL IS
            REASONABLE ........................................................................................................ 6
   A.   MR. FREEMAN'S HOURS ARE REASONABLE ..................................................... 6
   B.   MR. DUNNE'S HOURS ARE REASONABLE ......................................................... 7

POINT III:  THERE SHOULD NOT BE ANY REDUCTION IN ATTORNEYS' FEES ........... 9

POINT IV:  PLAINTIFF SHOULD BE REIMBURSED FOR HIS MODEST EXPENSES...... 11

CONCLUSION ....................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**CASES**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*,
    522 F.3d 182 (2d Cir. 2008) .................................................................................... 2, 3

*Beastie Boys v. Monster Energy Co.*,
    112 F. Supp. 3d 31, 56 (S.D.N.Y. 2015) .................................................................. 4, 5

*Carrero v. New York City Hous. Auth.*,
    685 F. Supp. 904, 908–09 (S.D.N.Y. 1988), *aff'd and remanded on other grounds*, 890 F.2d
    569 (2d Cir. 1989) ........................................................................................................ 7

*Clarke v. Frank*,
    960 F.2d 1146, 1153 (2d Cir. 1992) ............................................................................ 6

*David v. Sullivan*,
    777 F.Supp. 212, 223 (E.D.N.Y.1991) ........................................................................ 7

*Delman Fabrics, Inc. v. Holland Fabrics, Inc.*,
    No. 84 CIV. 2512-CSH, 1986 WL 13803, at *1 (S.D.N.Y. Nov. 28, 1986) ............... 3

*Di Filippo v. Morizio*,
    759 F.2d 231, 236 (2d Cir. 1985) ................................................................................ 6

*Dweck v. Amadi*,
    No. 10 Civ. 2577 (RMB) (HBP), 2012 WL 3020029, at *4 & n. 5 (S.D.N.Y. July 6, 2012) 4, 6

*FameFlynet, Inc. v. Shoshanna Collection, LLC*,
    282 F. Supp. 3d 618, 627–28 (S.D.N.Y. 2017), *appeal withdrawn*, No. 18-633, 2018 WL
    2740233 (2d Cir. Mar. 20, 2018) ................................................................................. 1

*Farbotko v. Clinton Cnty.*,
    433 F.3d 204, 209 (2d Cir. 2005) ................................................................................ 4

*Farrar v. Hobby*,
    506 U.S. 103, 114 (1992) ............................................................................................ 9

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517, 534 n. 19 (1994) ................................................................................... 1

*Galeana v. Lemongrass on Broadway Corp.*,
    No. 10 Civ. 7270 (GBD) (MHD), 2014 WL 1364493, at *13 (S.D.N.Y. Apr. 4, 2014) .. 4

*Genger v. Genger*,
  No. 14 Civ. 5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ------------------ 4, 5

*Grateful Dead Prods. v. Come 'N' Get It*,
  No. 88 CIV. 4471 (MEL), 1994 WL 116052, at *1 (S.D.N.Y. Mar. 25, 1994) ------------------- 1

*Hearst Corp. v. Oregon Worsted Co.*,
  No. CV 99-640-BR, 2001 WL 668040, at *4 (D. Or. Apr. 18, 2001) ------------------------------ 9

*Hensley v. Eckerhart,*
  461 U.S. 424, 438 n. 13 (1983) ------------------------------------------------------------------ 8, 9

*Hirsch v. The Dishh, LLC,*
  1:18-cv-09079 (LGS) (S.D.N.Y.) -------------------------------------------------------------- 5

*In Design v. K-Mart Apparel Corp.*,
  No. 87 CIV. 8397 (AGS), 1996 WL 4122, at *7 (S.D.N.Y. Jan. 3, 1996) ------------------------ 3

*Johnson v. Kay,*
  742 F.Supp. 822, 836–37 (S.D.N.Y.1990) ------------------------------------------------------- 8

*Kepner-Tregoe, Inc. v. Vroom*,
  186 F.3d 283, 289 (2d Cir. 1999) ---------------------------------------------------------------- 1

*Kingvision Pay-Per-View Ltd v. Zalazar*,
  653 F. Supp. 2d 335, 343 (S.D.N.Y. 2009) ------------------------------------------------------- 2

*Lenihan v. City of New York*,
  640 F. Supp. 822, 824 (S.D.N.Y. 1986) ----------------------------------------------------------- 7

*Lewis v. Coughlin,*
  801 F.2d 570, 577 (2d Cir.1986) ------------------------------------------------------------------- 7

*Malletier v. Artex Creative Int'l Corp.*,
  687 F.Supp.2d 347, 361 (S.D.N.Y. 2010) -------------------------------------------------------- 5

*Millea v. Metro-North R.R. Co.*,
  658 F.3d 154, 166 (2d Cir. 2011 ------------------------------------------------------------------- 2

*Mishkin Law Office v. Lopalo*,
  767 F.3d 144, 149 (2d Cir. 2014) ----------------------------------------------------------- passim

*Monaghan v. SZS 33 Assocs., L.P.,*
  154 F.R.D. 78, 84 (S.D.N.Y. 1994) --------------------------------------------------------------- 8

*Mugavero v. Arms Acres, Inc.,*
   No. 03-cv-5724 (PGG), 2010 WL 451045, at *6 (S.D.N.Y. Feb. 9, 2010) ------------------------ 6

*New York State Ass'n for Retarded Children, Inc. v. Carey*,
   711 F.2d 1136, 1148 (2d Cir. 1983) ---------------------------------------------------------------- 8

*OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*,
   No. 09 Civ. 8665 (JGK) (FM), 2010 -------------------------------------------------------------- 5

*OZ Mgmt. LP,* 2010 WL 5538552, at *4 ------------------------------------------------------------- 6

*Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*,
   No. 13 CIV. 2493 KBF, 2014 WL 4792082, at *1 (S.D.N.Y. Sept. 24, 2014) ----------------3. 11

*Scott v. City of New York,*
   643 F.3d 56, 58 (2d Cir. 2011)------------------------------------------------------------------------ 8

*TCA Television Corp. v. McCollum*,
   No. 15-cv-4325-GBD-JCF, 2017 WL 2418751, at *16 (S.D.N.Y. June 5, 2017), *report and
   recommendation adopted*, No. 15-cv-4325-GBD, 2018 WL 2932724 (S.D.N.Y. June 12, 2018)
   ----------------------------------------------------------------------------------------------------------- 7

*U.S. Media Corp. v. Edde Entm't, Inc.,*
   94 Civ. 4849, 1999 WL 498216 at *4 (S.D.N.Y. July 14, 1999)----------------------------------- 3

*Wilen v. Alternative Media Net, Inc.*,
   No. 03 CIV.2524 RMB JCF, 2004 WL 2823036, at *3 (S.D.N.Y. Dec. 3, 2004), *report and
   recommendation adopted*, No. 03CIV2524(RMB)(JCF), 2005 WL 167589 (S.D.N.Y. Jan. 26,
   2005)---------------------------------------------------------------------------------------------------- 1

**STATUTES**

17 U.S.C. § 1203(b)(5) --------------------------------------------------------------------------------- 1
17 U.S.C. § 505 ----------------------------------------------------------------------------------------- 1

Pursuant to the Court's Order, dated January 17, 2019 [ECF Docket ("Dkt.") # 58, (the "Order")], Plaintiff Gregory Mango ("Plaintiff" or "Mango"), via counsel, respectfully submits this memorandum of law in support of Plaintiff's application for attorneys' fees and costs under 17 U.S.C. § 505 of the Copyright Act and 17 U.S.C. § 1203(b)(5) of the Digital Millennium Copyright Act ("DMCA").

## BACKGROUND

The Copyright Act provides that attorneys' fees may be awarded to the "prevailing party" in a copyright infringement action. 17 U.S.C. § 505. "The court's award of attorney fees under the Copyright Act, 17 U.S.C. § 505, is also justified based on the court's finding of willfulness and is in line with the statutory goal of deterrence." *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999) (*citing Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n. 19 (1994)); *see also FameFlynet, Inc. v. Shoshanna Collection, LLC*, 282 F. Supp. 3d 618, 627–28 (S.D.N.Y. 2017), *appeal withdrawn*, No. 18-633, 2018 WL 2740233 (2d Cir. Mar. 20, 2018) ("The Plaintiff's request for reasonable attorney's fees and costs is granted as it promotes the stated purposes of the Copyright Act. Specifically, shifting fees here serves to encourage and reward innovators for their contributions in the march toward progress rather than burdening them with the costs of defending their protected works. The Plaintiff's motion for reasonable costs and attorney's fees is granted.").[1]

---

[1] *See also Wilen v. Alternative Media Net, Inc.*, No. 03 CIV.2524 RMB JCF, 2004 WL 2823036, at *3 (S.D.N.Y. Dec. 3, 2004), *report and recommendation adopted*, No. 03-cv-2524 (RMB)(JCF), 2005 WL 167589 (S.D.N.Y. Jan. 26, 2005) ("In light of the willful nature of the infringement by AltMedia and Mr. Lovo, an award of costs and attorneys' fees is appropriate"); *Grateful Dead Prods. v. Come 'N' Get It*, No. 88 CIV. 4471 (MEL), 1994 WL 116052, at *1 (S.D.N.Y. Mar. 25, 1994) ("in cases in which there has been a willful infringement, attorneys fees are usually granted.").

Here, Plaintiff is the prevailing party with respect his copyright infringement claim. [Order, p. 23]  Moreover, the Court determined that an award to Plaintiff of attorneys' fees is appropriate under section 505 given the Court's finding of willfulness and the "severely defective" nature of Buzzfeed's defenses.  [Order, pp. 21-22][2]  Accordingly, the present application will not address the appropriateness of whether fees should be awarded, but only whether the fees and costs submitted herein are reasonable.

Plaintiff seeks $65,132.50 in attorneys' fees and $1810.03 in costs, or a total award of $66,942.53.

## LEGAL STANDARD

In the Second Circuit, fee awards are calculated using the "presumptively reasonable fee" approach.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. ofAlbany*, 522 F.3d 182, 189 (2d Cir. 2008).  In considering the reasonableness of a fee award, a court should consider both the reasonableness of the hourly rates and the reasonableness of the hours spent. *See Kingvision Pay-Per-View Ltd v. Zalazar*, 653 F. Supp. 2d 335, 343 (S.D.N.Y. 2009).  This method is generally referred to as the "lodestar."  *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable . . . .").  The "lodestar" is calculated by multiplying "a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

---

[2] Although the Court did not address section 1203(b)(5) in the Order, the Court also has authority to award attorneys' fees and costs under 17 U.S.C. § 1203(b)(5) on grounds that Plaintiff has been adjudged the "prevailing party" on Count II of his complaint against Buzzfeed for its violation of section 1202(b) of the DMCA.  [Order, p. 23]

2

Under section 505 of the Copyright Act, fees may be awarded where plaintiff's counsel works on a contingent fee arrangement. *See, e,g., Delman Fabrics, Inc. v. Holland Fabrics, Inc.*, No. 84 CIV. 2512-CSH, 1986 WL 13803, at *1 (S.D.N.Y. Nov. 28, 1986) (awarding $37,312.50 in fees and $1,930.73 in costs where plaintiff's counsel worked on contingency); *In Design v. K-Mart Apparel Corp.*, No. 87 CIV. 8397 (AGS), 1996 WL 4122, at *7 (S.D.N.Y. Jan. 3, 1996) (awarding $65,000 in attorneys' fees under section 505 where plaintiff's counsel worked on contingency). "In calculating the amount of such a fee [under the Copyright Act], professional fee standards apply, without regard to private arrangements." *Delman Fabrics* at *1 (citation omitted). Further, the lodestar method applies with equal force to copyright attorneys who work on contingency. *U.S. Media Corp. v. Edde Entm't, Inc.*, 94 Civ. 4849, 1999 WL 498216 at *4 (S.D.N.Y. July 14, 1999) (rejecting contingency fee agreement as basis for adjusting lodestar in Copyright Act case).

## ARGUMENT

**POINT I:** **THE HOURLY RATES OF PLAINTIFF'S ATTORNEYS ARE REASONABLE**

Hourly rates are deemed reasonable when they are in line with the rates prevailing in the district for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 CIV. 2493 KBF, 2014 WL 4792082, at *1 (S.D.N.Y. Sept. 24, 2014); *see also Arbor Hill*, 522 F.3d at 192 (courts "should generally use 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee'") (citation omitted); *Galeana v. Lemongrass on Broadway Corp.*, No. 10 Civ. 7270 (GBD) (MHD), 2014

3

WL 1364493, at *13 (S.D.N.Y. Apr. 4, 2014) (in determining whether a fee is reasonable, "the court may [also] consider rates approved in prior cases and the court's own knowledge of reasonable rates in the district.") (citing *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)).

As set forth fully in the accompanying Declaration of James H. Freeman ["Freeman Declr." ¶ 5, Ex. A; ¶ 12], the hourly rates and years of experience of each attorney who worked on Plaintiff's behalf are as follows:

| Name | Title / Experience | Hourly | Hours | Fees |
| --- | --- | --- | --- | --- |
| James H. Freeman | Senior Associate (18 years) | $350 | 174.95 | $61,232.50 |
| Joseph A. Dunne | Associate (8 years) | $325 | 12 | $3,900.00 |
| | | Totals: | 186.95 | $65,132.50 |

### 1. Mr. Freeman's Hourly Rate of $350/hr. is Reasonable

Mr. Freeman served as lead trial counsel throughout this action without any supervision. His hourly rate of $350/hr. is well below what other courts in this district have found as reasonable for senior associates in New York-based law firms practicing in this District. *See, e.g.*, *Genger v. Genger*, No. 14 Civ. 5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have . . . recently approved rates for law firm associates in the range of $200 to $450 per hour."); *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 56 (S.D.N.Y. 2015) (approving hourly rate of $461 for second-year associate); *Walker v. Carter*, No. 12 Civ. 5384 (ALC) (RLE), 2016 WL 6820722, at *1 (S.D.N.Y. Aug. 29, 2016) (approving hourly rates of $370 to $425 for associates with between six and eight years of experience); *Dweck v. Amadi*, No. 10 Civ. 2577 (RMB) (HBP), 2012 WL 3020029, at *4 & n. 5 (S.D.N.Y. July 6, 2012) (collecting cases approving rates between $180 and $440 per hour for associates);

*OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *4 (S.D.N.Y. Dec. 6, 2010), *report and recommendation adopted*, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011) (approving rates between $355 and $400 per hour for associates); *Malletier v. Artex Creative Int'l Corp.,* 687 F.Supp.2d 347, 361 (S.D.N.Y. 2010) ("The hourly rates of $390.00 to $470.00 charged by the associates and junior partner representing Vuitton fall at the very top of the spectrum of reasonable hourly rates for associates.")

Mr. Freeman's hourly rate is further justified by his 18 years of private practice in this District, which includes eight years of "AM 100" law firm experience, two-plus years at a well-respected boutique firm on Wall Street, and six years as a solo practitioner. [Freeman Decl. ¶. 9]. Mr. Freeman also possesses extensive experience in copyright infringement matters and, in the last six months, has managed to secure victories on summary judgment against other largescale media corporations represented by sophisticated counsel (who, incidentally, charge far more than $350/hr.) [Freeman Decl. ¶ 10]

Finally, the Honorable Lorna G. Schofield recently approved Mr. Freeman's hourly rate of $350/hr. as lead counsel in a copyright infringement action entitled *Hirsch v. The Dishh, LLC*, 1:18-cv-09079 (LGS) (S.D.N.Y. December 10, 2018), where $2800 in attorneys' fees was awarded to the plaintiff on default judgment. [Freeman Decl. ¶ 8, Ex. B]

### 2. Mr. Dunne's Hourly Rate of $325/hr. is Reasonable

Joseph A. Dunne was an associate at Liebowitz Law Firm at times relevant to this application. [Freeman Decl. ¶ 12]. Mr. Dunne assisted Mr. Freeman in preparation for trial and at trial. [*Id.*] Mr. Dunne's hourly rate of $325 also falls well within the reasonable amount of hourly rates deemed reasonable for associates in New York law firms. *See, e.g., Genger,* 2015 WL 1011718, at *2; *Beastie Boys*, 112 F. Supp. 3d at 56; *Walker,* 2016 WL 6820722,

5

at *1; *OZ Mgmt. LP,* 2010 WL 5538552, at *4; *Dweck,* 2012 WL 3020029, at *4 & n. 5

Mr. Dunne's hourly rate is further justified by his eight years of IP and general litigation practice at mid-size and boutique firms. [Freeman Decl. ¶ 12]

**POINT II:   THE NUMBER OF HOURS EXPENDED BY PLAINTIFF'S COUNSEL IS REASONABLE**

"In calculating the number of 'reasonable hours,' the court looks to 'its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting *Di Filippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985)). "Courts base the hours inquiry not on what appears necessary in hindsight, but on whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Mugavero v. Arms Acres, Inc.,* No. 03-cv-5724 (PGG), 2010 WL 451045, at *6 (S.D.N.Y. Feb. 9, 2010) (citation and internal quotation marks omitted).

Here, the number of hours Plaintiff's counsel expended is reasonable.

**A.   MR. FREEMAN'S HOURS ARE REASONABLE**

Mr. Freeman spent a total of 174.95 hours on this case. [Freeman Decl. ¶ 5, Ex. A] The hours reflected in Mr. Freeman's declaration do not include any administrative or paralegal tasks, travel time, phone calls or e-mails to opposing counsel. The time to prepare the instant application was also excluded for reasons explained in footnote 3, *infra*. Mr. Freeman handled all aspects of the case "from A to Z," including investigative due diligence, legal research, drafting of letters and motions, all communications with opposing counsel and court appearances. [Freeman Decl. ¶¶ 3, 5, Ex. A]

These hours are substantiated by Mr. Freeman's declaration, which attaches

transcripted time entries that have been reconstructed from contemporaneous time records consisting of handwritten notes. [Freeman Decl. ¶ 5, Ex. A] *See, e.g., Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149 (2d Cir. 2014) ("Attorney affidavits which set forth all charges with the required specificity but which are reconstructions of the contemporaneous records satisfy the rationale underlying *Carey* and suffice to permit recovery of attorneys' fees.") (quoting *David v. Sullivan,* 777 F.Supp. 212, 223 (E.D.N.Y.1991)); *Lenihan v. City of New York*, 640 F. Supp. 822, 824 (S.D.N.Y. 1986) (Second Circuit law only requires that attorneys submit typewritten transcriptions of handwritten time sheets; not the original records themselves); *Carrero v. New York City Hous. Auth.*, 685 F. Supp. 904, 908–09 (S.D.N.Y. 1988), *aff'd and remanded on other grounds*, 890 F.2d 569 (2d Cir. 1989) ("Where the attorneys have provided the court with affidavits that have been reconstructed from contemporaneous records and that set forth all charges with specificity, fees have not been denied").[3]

These records indicate the hours expended by Mr. Freeman and the nature of the work done. *TCA Television Corp. v. McCollum*, No. 15-cv-4325-GBD-JCF, 2017 WL 2418751, at *16 (S.D.N.Y. June 5, 2017), *report and recommendation adopted*, No. 15-cv-4325-GBD, 2018 WL 2932724 (S.D.N.Y. June 12, 2018). With only one attorney running the case throughout the course of litigation (save a few days before trial), the staffing could not have been any leaner or more efficient. All of the work done was necessary and not redundant.

B.   **MR. DUNNE'S HOURS ARE REASONABLE**

---

[3] However, when an attorney chooses to submit reconstructions of contemporaneously kept time records, denying fees for time spent preparing the application is "an appropriate and necessary penalty for omitting to include the time records." *Marion S. Mishkin Law Office*, 767 F.3d at 150 (quoting *Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir.1986)). For that reason, Plaintiff has not submitted any hours expended by Mr. Freeman on preparing the present application.

7

Mr. Dunne spent a total of 12 hours on this case, which largely consisted of pre-trial preparation, advice and counsel concerning trial strategy, and assistance with trial mechanics. Mr. Dunne did not maintain contemporaneous time records in this matter but his hours were simple to reconstruct using calendars and e-mails. [Freeman Decl. ¶12]

Based on the Second Circuit's ruling in *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("*Carey*"), Defendant may argue that Mr. Dunne's hours should be precluded from any award based on the lack of contemporaneous time records. However, since *Carey*, exceptions have been recognized. Where the attorney is working on contingency fee arrangement, a lack of contemporaneous record-keeping is not unreasonable and equitable considerations warrant a discount (rather than a complete denial). *See, e.g., Monaghan v. SZS 33 Assocs., L.P.,* 154 F.R.D. 78, 84 (S.D.N.Y. 1994) ("it was not unreasonable for [the plaintiff]'s attorneys to neglect to keep such records based on their contingency fee arrangement. Accordingly, in the interest of equity, this Court will reduce the amount of hours expended in the reconstructed time records by 30%"); *Hensley v. Eckerhart,* 461 U.S. 424, 438 n. 13 (1983) (finding that district court properly considered the reasonableness of the hours expended, and reduced the hours of one attorney by 30% to account for his failure to keep contemporaneous time records); *Johnson v. Kay,* 742 F.Supp. 822, 836–37 (S.D.N.Y.1990) (accepting reconstructed time records, but reducing amount of award by 20% as a penalty).

Furthermore, the Second Circuit has allowed attorneys who did not keep contemporaneous time records "to recover limited fees for any contemporaneously documented time that [the attorney] was physically before the district court." *Scott v. City of New York,* 643 F.3d 56, 58 (2d Cir. 2011). "[E]ntries in official court records (e.g. the docket,

minute entries, and transcriptions of proceedings) may serve as reliable documentation of an attorney's compensable hours in court at hearings and at trial and in conferences with the judge or other court personnel." *Id.* "[S]uch a regime prevents a totally inequitable result . . . while, at the same time, preserving the strong incentive *Carey* creates for lawyers to keep and submit contemporaneous records." *Marion S. Mishkin Law Office*, 767 F.3d at 148–49.

Here, on August 13, 2018, the record reflects that Mr. Dunne spent 5.5 hours before the Court during the one-day bench trial. [Freeman Decl. ¶12]. Accordingly, his time before the Court during trial should be properly credited.

**POINT III:   THERE SHOULD NOT BE ANY REDUCTION IN ATTORNEYS' FEES**

Plaintiff has obtained excellent results against a formidable opponent and should be permitted to recover his attorneys' fees in full. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (noting that the degree of the prevailing party's success is a critical factor in determining the reasonableness of the fee award); *Hensley*, 461 U.S. at 435 (where the party "has obtained excellent results, his attorney should recover a full compensatory fee").

Plaintiff's counsel is well-known for enforcing the copyrights of working-class photographers whose art contributes to the fabric of our society. But for the Liebowitz Law Firm's efforts, photojournalists like Greg Mango would not have access to the federal courts and media corporations would be running roughshod over photographers' rights. An award of fees in the full amount is justified as recognition for the Liebowitz Law Firm's crucial role acting as "private attorney general" to enforce the rights of the artistic community. *See Hearst Corp. v. Oregon Worsted Co.,* No. CV 99-640-BR, 2001 WL 668040, at *4 (D. Or. Apr. 18, 2001) ("an award of attorneys' fees to Plaintiffs will compensate them for their costs of serving as a private attorney general, encourage future private enforcement of infringement

claims, and deter future infringements.").

With respect to the merits, Plaintiff's counsel succeeded in proving virtually every factual allegation set forth in his Amended Complaint, satisfied every legal element of both counts, and obtained financial recovery that far exceeded Defendant's plea for a statutory minimum award of $750. Plaintiff also soundly beat Defendant's Rule 68 offers of judgment.

In addition, Plaintiff helped clarify the requisite state-of-mind elements of a section 1202(b) claim which has rarely been brought to trial in this District, thereby providing a benchmark for the prosecution (and defense) of such claims for future litigants.

Defendant may argue that Plaintiff sought $35,000 in statutory damages total but "only" recovered $8,750 (at a 25% success rate from an economic standpoint). But statutory damages calculations under 17 U.S.C § 504(c) are unpredictable given the expansive range contemplated by the statute (between $750 and $150,000). Moreover, by arguing that $30,000 in statutory damages was appropriate in light of default judgments entered for that amount on similar cases, Plaintiff mounted a good faith challenge to the existing judicial custom and practice of using a multiplier to calculate statutory damages. Creative, policy-based arguments that seek to further the interests of the Copyright Act should not be penalized simply because they were not adopted in the instant case at bar.

Further, the $8,750 awarded by the Court was far in excess of the $750 statutory minimum award urged by Defendant. Indeed, Plaintiff recovered 11.66 times that amount. Moreover, the amount awarded by the court in statutory damages also beat Defendant's first Rule 68 offer of judgment of $2500 by 3.5 times and was about double Defendant's second offer of judgment. Thus, while Plaintiff did not recover all the damages sought, he easily exceeded Defendant's settlement offers and predictions for what the Court would award at

trial.

Finally, the $8,750 award was 11.66 times Mango's highest benchmark licensing fee and 29.16 times the day rate Mango earned from the New York Post for taking the Photograph at issue. [Order, p. 2]

**POINT IV:    PLAINTIFF SHOULD BE REIMBURSED FOR HIS MODEST EXPENSES**

Expenses incurred in the course of litigation should also be itemized so that the reviewing court can determine whether each cost was in fact necessary to the success of the litigation *Regulatory Fundamentals*, 2014 WL 4792082, at *2.

Here, Plaintiff incurred expenses of $1810.03 during the course of litigation, all of which were necessary to his success as a prevailing party. [Freeman Declr. ¶ ]13

**CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court award a total of $66,942.53 in attorneys' fees and costs in the full amount requested.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/jameshfreeman/**
James H. Freeman, Esq.
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
jf@liebowitzlawfirm.com

*Counsel for Plaintiff Gregory Mango*

11