# EXHIBIT B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN HIRSCH,

                Plaintiff,

- against -

THE DISHH, LLC

                Defendant.

Docket No. 18-cv-09079 (LGS)

**[PROPOSED] DEFAULT JUDGMENT**

      This matter came before the Court on plaintiff Steven Hirsch's ("Plaintiff")'s application for entry of a default judgment against defendant The Dishh, LLC ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After having considered the arguments and authorities submitted by Plaintiff, the Court finds as follows:

      1.     Plaintiff's complaint and an original summons were served on Defendant on October 24, 2018. An affidavit of service was filed with the Court on October 26, 2018.

      2.     On November 19, 2018, the Clerk of the Court for the United States District Court, Southern District of New York entered a default against Defendant for failure to plead or otherwise defend this action.

      3.     On November 21, 2018, Plaintiff filed his application for default judgment by proposed order to show cause.

      5.     On November 26, 2018, the Court scheduled a hearing for Plaintiff's application and issued an Order for Defendant to show cause by December 4, 2018 why a default judgment

should not be entered in favor of Plaintiff. Defendant has failed to file any opposition to entry of a default judgment and failed to appear at the hearing scheduled for December 6, 2018.

**THEREFORE, IT IS ADJUDGED AND ORDERED** that Plaintiff's application for entry of default judgment is GRANTED pursuant to Fed.R.Civ.P. 55(b)(2); it is

**FURTHER ORDERED** that Defendant shall pay $30,000.00 in statutory damages as civil penalties for willful copyright infringement under 17 U.S.C. § 504(c); it is

**FURTHER ORDERED** that Defendant shall pay $10,000.00 in statutory damages as civil penalties for removal and/or alteration of copyright management information in violation of 17 U.S.C. § 1202(b); it is

**FURTHER ORDERED** that Defendant shall pay $2800.00 in attorneys' fees and $475.00 in costs pursuant to 17 U.S.C. § 505; it is

**FURTHER ORDERED,** that Defendant shall post-judgment interest under 28 U.S.C.A. § 1961; it is

**FURTHER ORDERED** that this Court retains jurisdiction over any matter pertaining to this judgment; and it is

**FURTHER ORDERED** that this case is dismissed and the Clerk of the Court shall remove it from the docket of the Court close any open motions, cancel any conferences and close the case.

This is a final appealable order. *See* FED. R. APP. P. 4(a).

Dated: December 10, 2018

SO ORDERED.

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN HIRSCH,<br><br>        Plaintiff,<br><br> - against -<br><br>THE DISHH, LLC<br><br>        Defendant. | Docket No. 18-cv-9079 (LGS)<br><br>**DECLARATION OF<br>JAMES H. FREEMAN** |

I, JAMES H. FREEMAN, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am lead counsel for plaintiff Steven Hirsch ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2. I submit this declaration in support of Plaintiff's application for entry of default judgment against The Dishh, LLC ("Defendant") pursuant to Fed.R.Civ.P. 55(b); Local Rule 55.2(b); and Attachment A of the Court's Individual Rules of Practice in Civil Cases.

**(i)**   *Description of the Nature of the Claim*

3. Plaintiff's claims for copyright infringement under 17 U.S.C. § 501 and for violation of section 1202(b) of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b), involves Defendant's unlawful expropriation of Plaintiff's registered photograph of R&B singer Ashanti (the "Photograph") and Defendant's knowing removal of Plaintiff's attribution in the form of a "gutter credit" upon republication of the image.

4.      The Photograph was initially published in Page Six on March 17, 2016. Defendant re-published the photograph that same day on its website, www.thedishh.com, without Plaintiff's authorization and without any attribution to Plaintiff.

5.      Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Photograph was registered within three months of initial publication. *See* 17 U.S.C. § 412(2); *see also Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011) (noting that §412(2) provides a three-month grace period to register a copyright after the work's first publication).

6.      Here, the Photograph was initially published on March 17, 2016 and the effective date of copyright registration is May 24, 2016, within the three-month grace period to qualify for statutory damages plus attorneys' fees under 17 U.S.C. § 505.

**(ii)    *The Basis for Entering a Default Judgment, Including a Description of the Method and Date of Service of the Summons and Complaint***

7.      The basis for entry of default is Defendant's failure to answer or otherwise appear to defend this action.

8.      On October 24, 2018, a copy of the summons and complaint was served on Defendant by hand at its principal place of business at 240 West 30th Street, 4th Floor, New York, NY 10001. [Certificate of Service, Dkt. #8]  The deadline to file an answer or responsive pleading was November 14, 2018.

**(iii)   *Procedural History Beyond Service of Summons and Complaint***

9.      On October 18, 2018, the Court scheduled an initial case management conference for November 29, 2018 at 10:30 a.m. and ordered Plaintiff to serve a copy of the Notice of Initial Case Management Conference, and the Court's Individual Rules and Practices on Defendant. [Order, Dkt. #7]

2

10. On October 24, 2018, Plaintiff served a copy of the Notice of Initial Case Management Conference and the Court's Individual Rules of Practice in Civil Cases on Defendant. [Certificate of Service, Dkt. # 8]

11. On November 19, 2018, upon Plaintiff's request, the Clerk of Court issued a Certificate of Default. [Dkt. # 11]

**(iii)** *Whether the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action*

12. There is only one defendant in this action; thus, the Court may appropriately order a default judgment against Defendant on the issue of damages.

**(iv)** *The proposed damages and the bases for each element of damages*

13. For violation of 17 U.S.C. § 501, Plaintiff seeks $30,000 in civil penalties for willful copyright infringement.

14. For violation of 17 U.S.C. § 1202(b), Plaintiff seeks $10,000 in civil penalties for removal and/or alteration of Plaintiff's copyright management information.

15. Plaintiff also seeks $2800.00 in attorney's fees and $475.00 in costs pursuant to 17 U.S.C. § 505.

**Evidence in Support of Statutory Damages for Count I: Copyright Infringement**

16. "At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages

3

"'are available without proof of plaintiff's actual damages or proof of any damages.'"); *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established).

17. Thus, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages. *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and *even if he has intentionally declined to offer such evidence, although it was available*.'") (*quoting* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).

18. Here, Plaintiff elects statutory damages and therefore respectfully declines to submit evidence of his actual losses in the form of licensing fee history. Instead, Plaintiff seeks statutory damages as a deterrent to willful infringers. *See, e.g. Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) ("A statutory damages award under the Copyright Act is by definition an authorized civil penalty.").

4

19. The requested amount is consistent with a long-line of cases in this Circuit which award $30,000 where defendant has defaulted in a copyright infringement action. *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (on default, finding request for $30,000 in statutory damages appropriate); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) (same); *Microsoft Corp. v. Computer Care Ctr., Inc.,* No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (same); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996KMWDF, 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (same); *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (same); *Stevens v. Aeonian Press, Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002) (same).

20. Further, a civil penalty of $30,000 is justified given that Defendant operates in the publishing industry and is therefore presumed to have knowledge of copyright law. *See, e,g., Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("As the defendants are in the book publishing business and in a position to repeat the unauthorized reproduction of copyrighted material, there is deterrent value in assessing [statutory] damages against defendants."); *EMI Entertainment World, Inc. v. Karen Records, Inc.*, 806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212 (S.D.N.Y. June 10, 2013) (noting that "other courts in this district have inferred willful

5

infringement from a defendant's ownership of copyrights and experience in an industry heavily regulated by copyright law.").

**Evidence in Support of Statutory Damages for Count II: DMCA Violation**

21.     The DMCA provides that courts may award between $2,500 and $25,000 in statutory damages for violation of section 1202(b).  *See* 17 U.S.C. § 1203(c)(3)(B).

22.     Courts in this District have recently awarded $10,000 in statutory damages for a defaulting defendant's violation of § 1202(b) of the DMCA.  *See Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF), dated 6/25/18 (awarding "$10,000 in civil penalties for improper removal of copyright management information" in violation of 17 U.S.C. § 1202(b)) [A true and correct copy of the *Myeress v. Brissi* order is attached hereto as part of Exhibit A].

**Attorneys' Fees and Costs**

23.     Plaintiff seeks $2800 in attorneys' fees and $475 in costs under 17 U.S.C. § 505.

24.     I am a senior associate at Liebowitz Law Firm, PLLC with over 17 years experience litigating copyright infringement cases.  A graduate of Benjamin N. Cardozo Law School, I was a litigation associate at Proskauer Rose LLP (2000-2005); a staff attorney at Kramer Levin LLP (2005-2008); and a senior associate at Garvey Schubert Barer (2008-2010) before starting my own solo practice in the field of copyright and trademark law in 2011.

25.     My hourly rate of $350 as lead counsel in this action falls well within the amount of hourly rates deemed reasonable for senior associates in New York-based law firms practicing in this District.  *See, e.g., Genger v. Genger*, No. 14 Civ. 5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have . . . recently approved rates for law firm associates in the range of $200 to $450 per hour."); *Mahan*, 2016 WL 4718018, at *2 (approving associates' hourly rates of $300 to $553); *Beastie Boys v. Monster Energy Co.*, 112 F.

6

Supp. 3d 31, 56 (S.D.N.Y. 2015) (approving hourly rate of $461 for second-year associate); *Walker v. Carter*, No. 12 Civ. 5384 (ALC) (RLE), 2016 WL 6820722, at *1 (S.D.N.Y. Aug. 29, 2016) (approving hourly rates of $370 to $425 for associates with between six and eight years of experience); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *4 (S.D.N.Y. Dec. 6, 2010), *report and recommendation adopted*, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011) (approving rates between $355 and $400 per hour for associates); *Dweck v. Amadi*, No. 10 Civ. 2577 (RMB) (HBP), 2012 WL 3020029, at *4 & n. 5 (S.D.N.Y. July 6, 2012) (collecting cases approving rates between $180 and $440 per hour for associates)

**Statement of Fees**

| Date | Description of Services | Time | Total |
| --- | --- | --- | --- |
| 8/10/18 | • Review case file in preparation for filing; conduct due diligence re: copyright registration | 1.5 | $525.00 |
| | • Draft and file complaint | 1.25 | $437.50 |
| 10/22/18 | • Process service of summons and complaint | 0.5 | $175.00 |
| 10/26/18 | • Prepare and file affidavit of service | 0.25 | $87.50 |
| 11/19/18 | • Draft and file request for Clerk's entry of default and supporting documents | 0.5 | $175.00 |
| 11/20/18 | • Conduct legal research re: default judgment and statutory damages under Copyright Act | 0.5 | $175.00 |
| 11/21/18 | • Draft and file motion for default judgment, including attorney declaration; Draft case management plan and letter to Court requesting an adjournment | 3.5 | $1225.00 |
| **Total** | | 8.0 | **$2800.00** |

**COSTS**

| Date | Description | Total |
| --- | --- | --- |
| 10/3/18 | Court filing fee | $400.00 |
| 10/24/18 | Personal service fee | $75.00 |
| **TOTAL** | - | **$475.00** |

7

**An Inquest Hearing into Statutory Damages is Not Necessary**

26. As a general matter, the amount of damages to award in connection with a default judgment may be decided by the Court without a hearing. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured there was a basis for the damages specified in the default judgment'").

27. Here, a formal inquest into actual damages is unnecessary because Plaintiff has elected an award of statutory damages as a basis which, as a matter of law, does not require proof of actual damages or infringers' profits. *See, e.g., Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004) (statutory damages may be awarded under 17 U.S.C. § 504(c)(1) "without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity."); *Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Tu*, 2009 WL 2905780 ("the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award.").

28. Moreover, in the last two years, Courts in this District have routinely awarded $30,000 in statutory damages for a single image without holding an inquest and without proof of actual damages. *See, e.g., Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF), dated 6/25/18 (awarding "$30,000 in civil penalties for copyright infringement"); *J.C. Rice v. Sutton New Media LLC*, 17-cv-8332 (WHP), dated 5/24/18 (ordering that "Defendant shall pay $30,000 in statutory damages" under the Copyright Act); *Myers v. COED Media Group, LLC*, 18-cv-02180

8

(JSR), dated 5/2/18 (ordering that "Defendant shall pay $60,000 in civil penalties [for two images], representing $30,000 for each instance of willful copyright infringement."); *Marzullo v. Karmic Release Ltd.*, 17-cv-7482 (KPF), dated 4/24/18 (ordering that "Defendant violated 17 U.S.C. § 501 and shall pay $30,000 in civil penalties for copyright infringement."); *Zlozower v. Rukkus, Inc.*, 17-cv-09510 (RWS), dated 3/28/18 (ordering $30,000 in statutory damages under the Copyright Act, 17 U.S.C. § 501 after declaring that "Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work"); *Chevrestt v. Craft Nation, Inc.,* 17-cv-09232-JSR, dated 1/8/18 (awarding "$30,000 in civil penalties for each instance of willful copyright infringement."); *Lee v. White Cat Media*, 17-cv-8122 (JSR), dated 12/13/17 (awarding "$30,000 as damages for defendant's infringement of plaintiff's [copyright] in violation of 17 U.S.C. § 501 et seq."); *Miller v. AllHipHop.com LLC*, 16-cv-02744 (RA), dated 10/11/16 (ordering that "Defendant shall pay $30,000 in civil penalties for willful copyright infringement"). True and correct copies of the orders cited in this paragraph are attached hereto as <u>Exhibit A</u>.

29. No part of the Judgment sought has been paid, other than as indicated in the present motion.

30. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the initiating complaint plus exhibits.

31. Attached hereto as <u>Exhibit C</u> is a copy of the affidavit of service of the summons and complaint.

32. Attached hereto as <u>Exhibit D</u> is the Certificate of Default from the Clerk of Court.

Dated: November 21, 2018
Valley Stream, New York

9

Respectfully Submitted:

**/jameshfreeman/**
By: James H. Freeman
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
jf@liebowitzlawfirm.com

*Counsel for Plaintiff Steven Hirsch*

10