

| COWAN, | 41 MADISON AVENUE | ELEANOR M. LACKMAN |
| DEBAETS, | NEW YORK, NY 10010 | 212 974 7474 EXT. 1958 |
|  | T 212 974 7474 | ELACKMAN@CDAS.COM |
| ABRAHAMS & | F. 212 974 8474 |  |
| SHEPPARD LLP | www.cdas.com |  |

FEBRUARY 15, 2019

**VIA FEDEX & FAX (w/o encls.) ((212) 805-6382)**
Hon. Victor Marrero, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 11B
New York, New York 10007

Re:  *Mango v. BuzzFeed, Inc.*, Case No. 1:17 Civ. 6784 (VM) (KNF)

Dear Judge Marrero:

This firm represents defendant BuzzFeed, Inc. ("BuzzFeed") in the above-captioned action. We write pursuant to Section II.A of Your Honor's Individual Rules and Practices in Civil Cases and the parties' Stipulated Protective Order (Dkt. No. 29), to request a pre-motion conference, as the Court prefers, on BuzzFeed's motion to file under seal the highly confidential information and materials identified below, which are highly relevant to BuzzFeed's opposition to plaintiff Gregory Mango's ("Mango") application for attorneys' fees and costs (Dkt. No. 60) (the "Fee Application").

In particular, BuzzFeed seeks the Court's permission to file under seal: (i) an unredacted copy of BuzzFeed's memorandum of law in opposition to Mango's Fee Application (the "Opposition Brief") (at Section II.B); and (ii) Exhibit B to the accompanying Declaration of Eleanor M. Lackman dated February 15, 2019 ("Exhibit B"), which contains excerpts from Mango's deposition transcript that Mango's counsel designated as "highly confidential."

Both the Opposition Brief and Exhibit B contain specific references to the percentage of recovery and/or amount due under Mango's contingency fee agreement with counsel in connection with this action. This information is integral to BuzzFeed's position that Mango's request for attorney's fees should be substantially reduced so as to avoid an unjustified windfall to his counsel. Indeed, the actual billing arrangement is a "significant factor" in determining what fee is "reasonable," and "in no event should the fees awarded amount to a windfall for the prevailing party." *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001). In addition, Exhibit B includes testimony related to settlement discussions, including specific references to the dollar amounts of settlement offers made over the course of this litigation. This information illustrates Mango's positions regarding settlement; as BuzzFeed explains in its motion, his positions thereto resulted in unnecessary and expensive litigation.



COWAN,
DeBAETS,
ABRAHAMS &
SHEPPARD LLP

PAGE 2

Mango's counsel designated the relevant excerpts from Mango's deposition transcript as "highly confidential." The Protective Order provides that counsel for any party wishing to publicly file or otherwise disclose any material so designated, "including as part of a brief," "must move to file such Confidential Discovery Material, or brief, with the Court under seal." Dkt. 29 ¶ 12. Moreover, the public disclosure of the testimony related to settlement discussions and offer amounts may hamper future settlement negotiations in cases involving both parties and/or their counsel. *See Matsushita Elecs. Corp. v. Loral Corp.*, No. 92 Civ. 5461 (SAS), 1995 WL 527640, at *3 (S.D.N.Y. Sept. 7, 1995) ("Settlement discussions are typically undertaken with the understanding that they will remain confidential . . . .").

Accordingly, BuzzFeed respectfully requests that the Court grant it permission to file an unredacted copy of the Opposition Brief under seal and to file Exhibit B under seal in its entirety.

BuzzFeed submits concurrently herewith unredacted copies of the Opposition Brief and Exhibit B to the Declaration, with the proposed redactions to the Opposition Brief highlighted. A redacted version of the Opposition Brief has been publicly filed.

We thank the Court for its consideration.

Respectfully submitted,

Eleanor M. Lackman

Encls.

cc: All Counsel of Record (via email)

Plaintiff ca directed to respond by 2-22-19. by letter not to exceed two (2) pages, to the matter set forth above by defendant, showing cause why the relief requested should not be granted.

**SO ORDERED.**

2-20-19
DATE                VICTOR MARRERO, U.S.D.J.