UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GREGORY MANGO, | | |
| | Plaintiff, | 1:17-cv-04712 (VM-KNF) |
| - against – | | |
| | | ECF Case |
| BUZZFEED, INC. | | |
| | Defendants. | |

**PLAINTIFF GREGORY MANGO'S**
**[AMENDED] PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

James H. Freeman
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
jf@liebowitzlawfirm.com

*Counsel for Plaintiff Gregory Mango*

1

## PROPOSED FINDINGS OF FACT

**Plaintiff Gregory Mango**

1. Gregory Mango ("Mango") is a professional photojournalist.

2. Mango works as a photojournalist on assignment for the New York Post and has entered into a Freelance Photographer agreement, dated My 14, 2015 ("The NY Post Agreement"). [P. Ex. 2]

3. Under the terms of the NY Post Agreement, Mango owns the copyright to any photographs taken while on assignment for the New York Post. [P. Ex. 2, ¶ 5(g)]

**Defendant Buzzfeed, Inc.**

4. Defendant Buzzfeed, Inc. is a for-profit entity. [FAC, ¶ 9; Answer to FAC, ¶ 9].

5. Buzzfeed "is a digital media company that provides news and entertainment to users across a global, crossplatform network." [Answer, ¶¶ 10, 23].

6. Buzzfeed employs lawyers in-house who are knowledgeable about copyright law and licensing practices in the publishing industry.

7. Buzzfeed retains outside counsel who are knowledgeable about copyright law and licensing practices in the publishing industry.

8. Buzzfeed "regularly licenses photographs in connection with the publication of news and entertainment content." [Answer, ¶ 24].

9. Buzzfeed provides written standards or practices to its employees who are responsible for publishing content on the Website.

10. Buzzfeed trains its senior news reporters to know how to properly license and attribute photographs used in Buzzfeed news articles.

2

11. "At the time the Photograph was published to Buzzfeed's website, Buzzfeed was represented by . . . at least one such attorney [who] has expertise in the area of U.S. copyright law." [Answer, ¶ 25].

12. To date, Buzzfeed has been named as a defendant in <u>six</u> copyright infringement actions (including this one) in the last two years. [*Accord* Pl. Exs. 48-52; Answer, ¶ 22 ("Buzzfeed has been named as a defendant in four lawsuits involving a claim for copyright infringement (including this one).")]

13. In 2014, Buzzfeed, Inc. was valued at $850 million after a $50 million round of funding from venture capital firm Andreessen Horowitz. [Pl. Ex. 25]

14. In August 2015, NBCUniversal made a $200 million equity investment in Buzzfeed at an estimated valuation of $1.5 billion [Pl. Ex. 24]

15. In 2015, Buzzfeed reportedly generated $170 million in revenues [Pl. Ex. 25]

16. In October 2016, Buzzfeed raised $200 million from NBCUniversal at a valuation of roughly $1.7 billion. [Pl. Exs. 24, 26]

**The Photograph of Raymond Parker - January 18, 2017**

17. On January 17, 2017, the United States filed a complaint against the City of New York on behalf of New York resident named Raymond Parker, a man with HIV who was denied employment with the NYPD an account of his medical condition. [Pl. Ex. 12]

18. On January 18, 2017, Mango received an assignment from the New York Post to photograph Raymond Parker at his home in Brooklyn (the "Photograph").

19. Mango is the author and owner of the Photograph. [Pl. Ex. 3]

**Initial Publication of the Photograph – January 18, 2017**

20. On January 18, 2017, the New York Post published an article entitled *"Bharara sues city over NYPD rejecting man with HIV"* with photograph of Raymond Parker [P. Ex. 13]

21. The Photograph as published in the New York Post contained copyright management information by providing attribution to Gregory Mango in the form of a "gutter credit." [P. Ex. 13]

**The 434 Copyright Registration**

22. Mango is in possession of a certificate of registration from the U.S. Copyright Office, bearing registration number VA 2-036-434, with effective registration date of March 26, 2017 (the "434 Registration"). [Pl. Ex. 3]

23. Mango obtained the 434 Registration within five (5) years after first publication of the Photograph. [Pl. Ex. 3]

24. The 434 Registration lists the copyright claimant and author of the Photograph as "Gregory Mango". [Pl. Ex. 3]

25. On the face of the 434 Registration, the Photograph is entitled "Mango, Raymond_Parker, 1_18_2017.jpg" [Pl. Ex. 3]

26. The Photograph is on deposit with the 434 Registration. [Pl. Exs. 4, 5, 8, 9, 94]

**The 497 Copyright Registration**

4

27. Mango is in possession of a certificate of registration from the U.S. Copyright Office, bearing registration number VA 2-062-497, with effective registration date of June 21, 2017 (the "497 Registration"). [Pl. Ex. 87]

28. The 497 Registration includes another photograph of Raymond Parker that was initially published by te New York Post on April 11, 2017 (the "497 Photograph"). [P. Ex. 17]

29. On the face of the 497 Registration, the 497 Photograph is entitled "Mango, Raymond_Parker, 4_11_2017.jpg" [Pl. Ex. 87]

30. The 497 Photograph is on deposit with the 497 Registration. [Pl. Exs. 94]

**Other Third-Party News Reports of the Raymond Parker Case**

31. On January 18, 2017, the NEW YORK DAILY NEWS published an article entitled "*Feds accuse NYPD of HIV hiring bias*" without any photograph of Raymond Parker.  [P. Ex. 14]

32. On January 18, 2018, REUTERS NEWS published a news article entitled "*U.S. sues New York City for denying police job to man with HIV*" without any photograph. [P. Ex. 16]

33. On January 23, 2017, CBS NEWS published an article entitled "*Feds sue NYPD over man's HIV discrimination claim*" without any photograph of Raymond Parker. [P. Ex. 15]

34. On April 11, 2017, the NEW YORK DAILY NEWS published an article entitled "NYPD agrees to hire man who was previously rejected over HIV" without a photograph of Raymond Parker [Pl. Ex. 18]

35. On April 11, 2017, REUTERS NEWS published an article entitled "*New York City Settles with U.S. over denying job to HIV-positive man*" without any photograph. [Pl. Ex. 19]

**Buzzfeed's Unauthorized Re-Publication of the Photograph - April 11, 2017**

36. Buzzfeed, which operates the Website www.buzzfeed.com (the "Website"), is a frequent licensee of photographs for use on the Website. [Pl. Exs. 38-47]

37. On April 11, 2017, Buzzfeed published an article to its website located at the domain name www.buzzfeed.com titled *New York City to Pay HIV-Positive Man Denied Job With NYPD $50,000*. [Pl. Ex. 20; Answer, ¶ 17].

38. Buzzfeed published the Photograph at the URL: https://www.buzzfeed.com/mikehayes/new-york-city-to-pay-hiv-positive-man-denied-a-jobwith? utm_term=.dmLabZR8M#.dsxXBRybd (the "Article"). [*See* Pl. Ex. 20; Answer, ¶ 18 ("[T]he Photograph was published alongside the article")]

39. Buzzfeed obtained the Photograph from the New York Post [*See* Answer, ¶ 36; Amended Answer, ¶ 36 ("[T]he Photograph was obtained from the New York Post.")]

40. Commercial advertisements were visible at the same URL on www.buzzfeed.com where the Photograph was displayed and Buzzfeed earned revenue from those ads. [Pl. Exs. 20, 21]

41. Buzzfeed's use of the Photograph on the Website did not credit Mango as the author or owner of the Photograph. [*See* Pl. Ex. 20; Answer, ¶ 21; Amended Answer, ¶ 21 ("Mango's name did not appear in connection with the article featuring the Photograph published to BuzzFeed's website.")]

6

42. Mango never granted Buzzfeed authorization to copy the Photograph or distribute copies of his image to the public. [*See* Answer, ¶ 20; Amended Answer, ¶ 20 ("BuzzFeed did not obtain a license from Mango to use the Photograph.")]

43. Subsequent to filing his lawsuit against Buzzfeed, Mango discovered that Buzzfeed had removed the Photograph from its Website and replaced it with a photograph of an NYPD vehicle. [Pl. Ex. 22]

44. The photograph of the NYPD vehicle that was used by Buzzfeed to replace the image of Raymond Parker in the Article was licensed from Getty Images. [P. Ex. 23]

45. Buzzfeed could have commissioned its own photographer to take pictures of Raymond Parker. [Pl. Ex. 44]

46. Buzzfeed could have published the Article without the Photograph of Raymond Parker. [Pl. Exs. 22, 23]

47. Buzzfeed could have published the Article without any photograph. [Pl. Exs. 16, 19]

**Michael Hayes, Senior Reporter for Buzzfeed News**

48. Michael Hayes, who is a senior reporter for Buzzfeed News, is the author of the Article and employee of Buzzfeed. [P. Exs. 20-22, 37]

49. Hayes published the Photograph on the Website. [P. Ex. 20]

50. Hayes obtained the Photograph from the New York Post. [*See* Answer, ¶ 36; Amended Answer, ¶ 36]

51. Hayes removed Mango's CMI from the Photograph. [P. Ex. 20]

52. Hayes replaced Mango's CMI with an attribution to the law firm of "Fisher & Taubenfeld." [P. Ex. 20]

53. Hayes did not obtain the Photograph from Fisher & Taubenfeld. [P. Ex. 11]

54. Hayes did not obtain authorization from Fisher & Taubenfeld to republish the Photograph on the Website. [P. Ex. 11]

55. Hayes knew (or should have known) that a license from Mango was required to republish the Photograph on Buzzfeed's website.

56. Hayes routinely obtains licenses to publish photographs in news articles he writes for Buzzfeed News. [Pl. Ex. 37-47]

57. Hayes routinely provides attribution to photographers in news articles he writes for Buzzfeed News. [Pl. Ex. 37-47]

58. Hayes removed Mango's CMI from the Photograph because he knew that he did not have Mango's authorization to republish the Photograph on Buzzfeed's website.

**Liane Fisher, Esq., Attorney for Raymond Parker**

59. At the time of the Article's publication, Liane Fisher represented Raymond Parker.

60. On June 8, 2018, Plaintiff issued a subpoena for production of documents to Liane Fisher, asking, *inter alia,* to disclose all documents or communications with Buzzfeed relating to Raymond Parker. [P. Ex. 71]. Attorney Fisher responded on June 21, 2018. [P. Ex. 72]

8

61. On April 11, 2017, at 10:54 a.m., Hayes contacted Attorney Fisher and asked whether she could comment on the story of Raymond Parker settling his lawsuit. [P. Ex. 73] Attorney Fisher responded that she would provide comment. [P. Ex. 74]. Hayes then e-mailed Attorney Fisher at 11:18 a.m. asking if she could also "share" a photograph of Raymond Parker with Hayes, indicating that Buzzfeed sought to publish a photograph without paying the customary licensing fee. [P. Ex. 76] However, Attorney Fisher never responded in writing to Hayes' request for a photograph of Mr. Parker and there is no evidence that Attorney Fisher provided any photograph to Hayes (or even had a copy of the photograph to begin with). [P. Ex. 11]

62. On April 11, 2017, at 11:48 a.m., having failed to obtain a photograph of Mr. Parker from Attorney Fisher, Hayes expropriated a copy of the Photograph from the January 18, 2017 *New York Post* article and ostensibly downloaded the Photograph to his computer desktop. [P. Ex. 77] Hayes then published the Article twenty-six minutes later at 12:14 p.m. [P. Ex. 20]

63. Hayes and Attorney Fisher spoke by telephone at some point prior to Buzzfeed's publication of the Article. However, Attorney Fisher will testify that she has no recollection of granting Hayes authorization to use the Photograph.

64. Neither Ms. Fisher nor Mr. Parker held a copyright interest in the Photograph as of the time Buzzfeed published its Article.

65. There is no evidence that Attorney Fisher ever authorized Buzzfeed to publish the Photograph.

66. On September 21, 2017, after this lawsuit was filed, Hayes e-mailed Attorney Fisher asking her to provide evidence that she had transmitted the photograph to

him [P. Ex. 81] (even though Hayes already knew that he had obtained the photograph from the New York Post rather than Attorney Fisher) [P. Ex. 77]

67. On September 22, 2017, Attorney Fisher ultimately informed Buzzfeed that she never sent Hayes a photograph of Mr. Parker. [P. Ex. 85]

**Mango's Benchmark License Fees**

68. Mango licenses his photographs by directly negotiating a fee himself on the free market. [P. Ex. 88, 89]. The highest licensing fee Mango has personally negotiated for his photographs is $1700.00 [P. Ex. 88, 89]. The highest licensing fee Mango has personally negotiated for a single image is $750.00 [P. Ex. 88, 89]

69. Mango also licensed his photographs through third-party stock photo agencies Polaris and Splash. [P. Ex. 90, 91]. The highest licensing fee Mango received via stock photo agencies is $2500.00 for a single image. [P. Ex. 90, 91].

## PROPOSED CONCLUSIONS OF LAW

**Count I: Copyright Infringement**

1. To establish a claim of copyright infringement, plaintiff must show two elements: (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,* 150 F.3d 132, 137 (2d Cir. 1998).

2. Plaintiff is the owner of a valid copyright in the Photograph.

3. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

4.	Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

5.	The acts of Defendant constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

6.	To prove "willfulness" under the Copyright Act, "the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) (citations omitted); *see also Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir.2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement."); *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986) ("a defendant's actual or constructive knowledge proves willfulness.")

7.	The acts of infringement by Defendant are deemed willful (or in reckless disregard of Plaintiff's rights) because Buzzfeed was actually aware of the infringing activity or should have known that a license was required from the copyright holder, i.e., Mango, to re-publish the Photograph on the Website.

8.	As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages of $30,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).  Courts in this District routinely award civil penalties in the amount of $30,000 per photographs in cases involving a default judgment

[P. Ex. 28-35, 95]. If Mango proves the allegations of his complaint at trial, then the legal effect would be the same as a default. The Court would therefore be justified in treating Buzzfeed *on par* with a defaulting party and awarding $30,000 as a civil penalty for willful infringement.

9. In the event that the infringement is deemed non-willful, then Plaintiff is entitled to statutory damages of $15,000 per work infringed.

10. In the event that the Court elects to use a multiplier of fair market value to calculate a statutory damages award, the appropriate calculation is to take the highest licensing fee ever obtained by Mango through a stock photo agency ($2500) or through his own personal negotiation ($750) and multiply it by a factor of 12.

11. A multiple of 12 is justified in this case for purposes of deterrence to take account of Buzzfeed's financial status as a billion-dollar company. *Accord UMG Recordings, Inc. v. MP3.Com, Inc.*, No. 00-cv-472 (JSR), 2000 WL 1262568 at *6 (S.D.N.Y. Sept. 6, 2000) ("the defendant's size and financial assets are highly relevant to arriving at the appropriate level of statutory damages."); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F.Supp.2d 455, 461 (D. Maryland 2004) ("the wealth of the defendant has been widely recognized as relevant to the deterrent effect of a damages award"); *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 CIV. 1416 JPO, 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd,* 748 F.3d 120 (2d Cir. 2014); *Capitol Records, Inc. v. MP3tunes, LLC*, 48 F. Supp. 3d 703, 732 (S.D.N.Y. 2014).

12. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**Count II: Removal and/or Alteration of Copyright Management Information**

13. To establish a violation under subsection 1202(b) for removal and/or alteration of CMI, a plaintiff must show "(1) the existence of CMI on the [infringed work]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *Gattoni v. Tibi, LLC*, 254 F. Supp. 3d 659, 664 (S.D.N.Y. 2017) (quoting *BanxCorp v. Costco Wholesale Corp.,* 723 F.Supp.2d 596, 609 (S.D.N.Y. 2010) (collecting cases)).

14. A "gutter credit" — i.e., a photographer's name placed below an image — constitutes CMI within the meaning of the DMCA. *See Agence France Presse v. Morel*, 769 F. Supp.2d 295, 305–06 (S.D.N.Y. 2011) (collecting cases which recognize a broad definition of CMI under statute).

15. Defendant intentionally removed Mango's CMI from the Photograph and replaced it with a false attribution to a non-copyright holder ("Fisher & Taubenfeld") in order to convey the false impression that the Photograph was licensed (when it actually was not).

16. As a direct and proximate cause of the removal and/or alteration of Mango's CMI by Defendant, Plaintiff is entitled to $5,000 in statutory damages for Buzzfeed's violation of section 1202(b).  *See* 17 U.S.C. § 1203(c)(3)(B) (providing for statutory damages in the range of not less than $2,500 or more than $25,000).

17. Plaintiff is further entitled to his attorney's fees pursuant to 17 U.S.C. § 1203(b)(5).

> Respectfully Submitted:
>
> James H. Freeman
> LIEBOWITZ LAW FIRM, PLLC
> 11 Sunrise Plaza, Suite 305
> Valley Stream, NY 11580

13

jf@liebowitzlawfirm.com

*Counsel for Plaintiff Gregory Mango*