UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY MANGO,

Plaintiff,                           1:17-cv-06784 (VM-KNF)

- against –                          ECF Case

BUZZFEED, INC.

Defendant.

**PLAINTIFF GREGORY MANGO'S
PRE-TRIAL MEMORANDUM OF LAW**

James H. Freeman
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
jf@liebowitzlawfirm.com

*Counsel for Plaintiff Gregory Mango*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................... iv

PRELIMINARY STATEMENT ....................................................... 1

STATEMENT OF FACTS ............................................................ 2

ARGUMENT ......................................................................... 2

**POINT I:    PLAINTIFF READILY ESTABLISHES HIS INFRINGEMENT
             CLAIM UNDER 17 U.S.C. § 501 (Count I)................................ 2**

   A.   ELEMENT #1: PLAINTIFF OWNS A VALID COPYRIGHT ............................. 2

     1.   Mango's Contract with the New York Post Demonstrates that Mango is the True
        and Rightful Owner of the Copyright to the Photograph ....................... 2

     2.   Mango's Copyright Registration is *Prima Facie* Evidence of Both Validity and
        Originality ................................................................. 3

     3.   Official Copyright Office Records Conclusively Demonstrate that the
        Photograph is on Deposit With the 454 Registration .......................... 4

     4.   Defendant Has Failed to Produce Any Evidence To Rebut the Validity of the
        Copyright Registration or Show that the Photograph is Not On Deposit ........... 4

   B.   ELEMENT #2: BUZZFEED COPIED MANGO'S WORK WITHOUT AUTHORIZATION ...... 5

   C.   BUZZFEED'S DEFENSES TO LIABILITY FAIL AS A MATTER OF LAW ........................ 6

**POINT II:    PLAINTIFF ESTABLISHES HIS DMCA CLAIM UNDER
              17 U.S.C. § 1202(b) (Count II)....................................... 6**

   A.   ELEMENT #1: A "GUTTER CREDIT" CONSTITUTES CMI AS A MATTER OF LAW ....... 6

   B.   ELEMENT #2: EVIDENCE OF BUZZFEED'S REMOVAL OF MANGO'S CMI IS CLEAR
        ON THE FACE OF THE BUZZFEED ARTICLE ............................................ 7

   C.   ELEMENT #3: BUZZFEED REMOVED MANGO'S CMI WITH THE INTENT TO
        INDUCE, ENABLE, OR FACILITATE COPYRIGHT INFRINGEMENT ......................... 8

**POINT III:   ON COUNT I, PLAINTIFF SHOULD BE AWARDED $30,000 IN
STATUTORY DAMAGES AS A CIVIL PENALTY FOR WILLFUL
INFRINGEMENT UNDER 17 U.S.C. § 504(c)** ...................................... 10

A.   STATUTORY DAMAGES ARE DESIGNED TO DETER FUTURE INFRINGEMENT .......... 10

B.   BUZZFEED'S COPYRIGHT INFRINGEMENT WAS WILLFUL ...................................... 11

C.   AN AWARD OF $30,000 IS AN APPROPRIATE CIVIL PENALTY FOR WILLFUL
INFRINGEMENT, PARTICULARLY GIVEN THE SIZE AND WEALTH OF BUZZFEED ...... 13


**POINT IV:   ON COUNT II, PLAINTIFF SHOULD BE AWARDED $5,000 IN
STATUTORY DAMAGES UNDER 17 U.S.C. § 1203(c)(3)(B)** ............ 15


CONCLUSION ........................................................................................................ 15

## **TABLE OF AUTHORITIES**

<u>**CASES**</u>

*Agence France Presse v. Morel,*
    769 F. Supp.2d 295, 305–06 (S.D.N.Y. 2011) ............................................. 7

*Arista Records LLC v. Lime Grp. LLC,*
    No. 06 CV 5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011)............. 10

*BanxCorp v. Costco Wholesale Corp.,*
    723 F.Supp.2d 596, 609 (S.D.N.Y. 2010) ................................................. 6, 8

*Broadcast Music, Inc., v. R Bar of Manhattan, Inc.,*
    919 F.Supp. 656, 660 (S.D.N.Y. 1996) ...................................................... 11

*BWP Media USA v. Gossip Cop Media, LLC,*
    196 F.Supp.3d 395, 401 (S.D.N.Y. 2016) ............................................... 3, 4, 5

*Capitol Records, Inc. v. MP3tunes, LLC,*
    48 F. Supp. 3d 703, 732 (S.D.N.Y. 2014), *aff'd in part, rev'd in part and remanded sub*
    *nom. EMI Christian Music Grp., Inc. v. MP3tunes, LLC,*
    840 F.3d 69 (2d Cir. 2016)................................................................. 10, 15

*Castle Rock Entertainment v. Carol Pub. Group, Inc.,*
    955 F.Supp. 260, 267 (S.D.N.Y.1997) ....................................................... 12

*Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,*
    150 F.3d 132, 137 (2d Cir. 1998)............................................................. 2, 5

*EMI Entertainment World, Inc. v. Karen Records, Inc.,*
    806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL
    2480212 (S.D.N.Y. June 10, 2013)............................................................ 13

*Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,*
    2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) ................................... 11

*Ets–Hokin v. Skyy Spirits, Inc.,*
    225 F.3d 1068, 1074-76 (9th Cir. 2000) ...................................................... 3

*F.W. Woolworth Co. v. Contemporary Arts,*
    344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952).................................. 11

*Fallaci v. New Gazette Literary Corp.,*
    568 F. Supp. 1172 (2d Cir. 1983) ............................................................. 12

**CASES (*continued…*)**

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340, 361 (1991)...................................................................................... 2

*Feltner v. Columbia Pictures Television, Inc.*,
   523 U.S. 340, 352 (1998)................................................................................... 10

*Fitzgerald Pub. Co. v. Baylor Pub. Co.*,
   807 F.2d 1110, 1115 (2d Cir. 1986).................................................................. 12

*Fonar Corp. v. Domenick*,
   105 F.3d 99, 104 (2d Cir.), *cert. denied*, 522 U.S. 908 (1997)...................... 3

*Friedman v. Live Nation*,
   833 F.3d 1180, 1189 (9th Cir. 2016) ............................................................ 8, 12

*Gattoni v. Tibi, LLC*,
   254 F. Supp. 3d 659, 664 (S.D.N.Y. 2017) ...................................................... 6

*Granite Music Corp. v. Ctr. St. Smoke House, Inc.*,
   786 F. Supp. 2d 716, 721 (W.D.N.Y. 2011)..................................................... 14

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*,
   413 F.3d 257 (2d Cir. 2005)............................................................................... 3

*Jewelers' Circular Pub. Co. v. Keystone Pub. Co.*,
   274 F. 932, 934 (S.D.N.Y. 1921)....................................................................... 3

*Lampley v. Onyx Acceptance Corp.*,
   340 F.3d 478, 485 (7th Cir.2003)..................................................................... 15

*Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*,
   519 F.Supp. 730, 733 (S.D.N.Y.1981) ........................................................... 10

*Lowry's Reports, Inc. v. Legg Mason, Inc.*,
   302 F.Supp.2d 455, 461 (D. Maryland 2004)................................................. 14

*Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*,
   No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17,
   2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26,
   2013) ............................................................................................................... 14

*Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429 SLT RLM, 2008 WL
   4179653, at *11 (E.D.N.Y. Sept. 10, 2008)................................................... 14

**CASES (*continued…*)**

*Peer Int'l Corp. v. Max Music & Entm't, Inc.*,
   No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) .... 14

*Psihoyos v. John Wiley & Sons, Inc.*, No. 11 CIV. 1416 JPO, 2012 WL 5506121, at *4
   (S.D.N.Y. Nov. 7, 2012), *aff'd*, 748 F.3d 120 (2d Cir. 2014) ...................................... 14

*RCA Records v. All–Fast Sys., Inc.*,
   No. 84 CV 631(CSH), 1985 WL 3059, at *1 (S.D.N.Y. Oct. 9, 1985) ....................... 15

*Richard Feiner and Co., Inc. v. Passport Int'l Prods., Inc.*,
   No. 97 Civ. 9144(RO), 1998 WL 437157, at *2 n. 13 (S.D.N.Y. July 31, 1998) ........ 11

*Scholz Design, Inc. v. Sard Custom Homes, LLC*,
   691 F.3d 182, 186 (2d Cir. 2012) .................................................................................. 3

*Stevens v. Aeonian Press, Inc.*,
   No. 00 Civ. 6330(JSM), 2002 WL 31387224 at *1 (S.D.N.Y. Oct. 23, 2002) ...... 11, 15

*The Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.*,
   04 Civ. 5002, 2005 WL 2063819, at *3 (S.D.N.Y. Aug. 24, 2005) ............................ 13

*Tokar v. 8 Whispering Fields Assocs., Ltd.*,
   No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) .............. 14

*Tu v. TAD System Technology, Inc.*,
   2009 WL 2905780 (E.D.N.Y. Sept. 10, 2009) ............................................................. 11

*UMG Recordings, Inc. v. MP3.Com, Inc.*,
   No. 00-cv-472 (JSR), 2000 WL 1262568 at *6 (S.D.N.Y. Sept. 6, 2000) ................... 14

*Van Der Zee v. Greenidge*,
   2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ........................................................ 11, 13

*Viacom, Int'l Inc. v. Fanzine Int'l, Inc.*,
   98 Civ. 7448, 2001 WL 930248, at *4 (S.D.N.Y. Aug. 16, 2001) ........................ 12, 13

*Whimsicality, Inc. v. Rubie's Costume Co. Inc.*,
   891 F.2d 452, 455 (2d Cir. 1989) .................................................................................. 3

*Yurman Design, Inc. v. PAJ, Inc.*,
   262 F.3d 101, 112 (2d Cir.2001) .................................................................................. 11

*Zalewski v. Cicero Builder Dev., Inc.*,
   754 F.3d 95, 107 (2d Cir. 2014) ..................................................................................... 6

**STATUTES**

17 U.S.C. § 1202(b) ................................................................................................ passim
17 U.S.C. § 1203(c)(3)(B) ............................................................................................ 15
17 U.S.C. § 504(a) ...................................................................................................... 10

## PRELIMINARY STATEMENT

This case is about ensuring that defendant Buzzfeed, Inc., a billion dollar news media organization, complies with federal copyright law by taking the appropriate steps to secure licenses from working-class photojournalists.  The best way to deter future infringement by Buzzfeed (and others similarly situated), and thereby limit the number of copyright infringement lawsuits brought to court, is to impose a substantial civil penalty under the Copyright Act that makes it much more expensive to violate federal law than to abide by it.

Plaintiff Gregory Mango ("Plaintiff" or "Mango") is a professional photojournalist who has worked on daily assignments for the New York Post for well over a decade.  Defendant Buzzfeed is a largescale news publisher who has been sued numerous times in this District in the last two years.  Having been caught yet once again exploiting copyrights without first obtaining permission or providing proper attribution to photographers, Buzzfeed has no viable defenses to liability for infringement, nor to its violation of the DMCA.  Yet, Buzzfeed seems not to care that it violated federal law. Instead, it hopes to prove at trial that despite its violations, it should not have to pay much more than a standard licensing fee for the Photograph.

But this is not a breach of contract case; the object of this litigation is not to place Mango in the position he would have been had Buzzfeed licensed the image properly. Rather, this is a federal case about deterrence.  And about making sure that major news organizations remain vigilant with respect to obtaining authorization from professional photojournalists before blindly exploiting their work without attribution.

**STATEMENT OF FACTS**

Plaintiff respectfully incorporates by reference his Proposed Findings of Fact as submitted concurrently herewith.

**ARGUMENT**

**POINT I:     PLAINTIFF READILY ESTABLISHES HIS INFRINGEMENT CLAIM UNDER 17 U.S.C. 501 (COUNT I)**

To establish a claim of copyright infringement, plaintiff must show two elements: (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,* 150 F.3d 132, 137 (2d Cir. 1998).

**A.     ELEMENT #1: PLAINTIFF OWNS A VALID COPYRIGHT**

**1.     Mango's Contract with the New York Post Demonstrates that Mango is the True and Rightful Owner of the Copyright to the Photograph**

Mango has worked as a freelance photographer for the New York Post for well over a decade.   Mango entered an agreement with the New York Post entitled "Freelance Photographer Independent Contractor Agreement" (the "New York Post Agreement") [P. Ex. 1, 2].[1]  Paragraph 5(g) of the New York Post Agreement provides that "Freelancer owns the copyright in the Work." [*Id.*, MANG0018].[2]

Accordingly, given that the Photograph was created by Mango while on assignment for the New York Post, Mango owns the copyright in the work as per

---

[1] The New York Post agreement produced by the New York Post, bearing bate-stamp no. DEF 00042-49, is identical to the agreement produced to Defendant by Mango, bearing bate-stamp nos. MANG0016-21.

[2] The New York Post Agreement was fully executed as of May 27, 2015.  [P. Ex. 1, MANG0016]  In the recital to the New York Post Agreement, Mango is defined as "Freelancer."  [*Id.*]  Paragraph 2 of the New York Post Agreement defines "Work" as "a selection of digital photographs, files, recorded images, video, moving images, film, negatives and/or other materials resulting from the assignment, as well as complete and accurate information for captions."  [*Id.*]

paragraph 5(g) of the New York Post Agreement.  Defendant has failed to produce any evidence to the contrary.

**2.      Mango's Copyright Registration is Prima Facie Evidence of Both Validity and Originality**

"A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the certificate holder's copyright ownership, as well as of the truth of the facts stated in the registration." *BWP Media USA v. Gossip Cop Media, LLC,*196 F.Supp.3d 395, 401 (S.D.N.Y. 2016). A certificate of copyright registration is *prima facie* evidence of both valid ownership of copyright and originality.  *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012).[3]

To be timely, a certificate of registration must be obtained "before or within five years after first publication" of a work.  *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir. 2005).  Thus, "[p]ossession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable." *Whimsicality, Inc. v. Rubie's Costume Co. Inc.*, 891 F.2d 452, 455 (2d Cir. 1989).  A party's "proffer of its certificate of copyright registration thus shifts to [the opposing party] the burden of proving the invalidity of the copyright." *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.), *cert. denied*, 522 U.S. 908 (1997).

Here, Mango is in possession of a certificate of registration from the U.S. Copyright Office.  [Pl. Ex. 3].  Further, the 454 Registration was obtained within five years after first publication of the work. [*Id*.]  Accordingly, the 454 Registration serves as *prima facie* evidence of Mango's valid copyright ownership and creates a rebuttable

---

[3] "Even the slightest artistic touch will meet the originality test for a photograph." *Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1074-76 (9th Cir. 2000); *see also Jewelers' Circular Pub. Co. v. Keystone Pub. Co.*, 274 F. 932, 934 (S.D.N.Y. 1921) (Judge Learned Hand) ("no photograph, however simple, can be unaffected by the personal influence of the author.").

presumption that the work in question is copyrightable. *Whimsicality, Inc.*, 891 F.2d at 455.

### 3. Official Copyright Office Records Conclusively Demonstrate that the Photograph is on Deposit With the 454 Registration

Via counsel, Mango caused a copy of the Photograph to be deposited with the Copyright Office as part of his application. During discovery, both Plaintiff and Defendant independently requested that the U.S. Copyright Office issue a "Deposit Copy" to determine whether the Photograph, which is entitled "Mango, Raymond Parker, 1_18_17.jpg" is on deposit with the 454 Registration. [P. Exs. 4, 5, 8-10]

The evidence produced by the Copyright Office, which includes a non-certified "Partial Copy of Deposit" obtained by Plaintiff [Pl. Ex. 5] and a "Certified Copy of Deposit" obtained by Defendant [P. Ex. 4] conclusively demonstrates that the Photograph of Raymond Parker at issue in this litigation is on deposit with the 454 Registration.

### 4. Defendant Has Failed to Produce Any Evidence To Rebut the Validity of the Copyright Registration or Show that the Photograph is Not On Deposit

"The validity of a registration may be rebutted by proof of a certificate holder's fraud on the Copyright Office, though the party seeking to establish such fraud bears a 'heavy burden.'" *BWP Media*, 196 F.Supp.3d at 401 (*citation omitted); see also Fonar Corp.*, 105 F.3d at 105 (*"the presumption [of validity] may be overcome only by 'proof of deliberate misrepresentation.'"*).[4]

---

[4] A defendant asserting fraud must show that (i) the copyright application contains one or more factual misrepresentation, (ii) the inaccuracies were "willful or deliberate," and (iii) the Copyright Office relied on the misrepresentations. *BWP Media*, 196 F.Supp.3d at 401 (citing *Whimsicality,* 891 F.2d at 455; *accord Santrayall v. Burrell*, 993 F.Supp. 173, 176 (S.D.N.Y.1998).

Here, Defendant has failed to sustain its burden of showing that the 454 Registration is invalid.  There is no evidence that the 454 Registration is facially inaccurate; nor is there evidence showing that the 454 Registration was procured by "willful and deliberate" misrepresentation to the Copyright Office.  *BWP Media*, 196 F.Supp.3d at 401.

**B.    ELEMENT #2: BUZZFEED COPIED MANGO'S WORK WITHOUT AUTHORIZATION**

To satisfy the second element of an infringement claim, a plaintiff must show both that his work was "actually copied" and that the portion copied amounts to an "improper or unlawful appropriation." *Castle Rock,* 150 F.3d at 137 (citation and internal quotation marks omitted).

<u>First</u>, there is no factual dispute concerning whether Buzzfeed "actually copied" the Photograph.  Buzzfeed readily admits that it obtained the Photograph from the New York Post [*See* Answer, ¶ 36; Amended Answer, ¶ 36 ("[T]he Photograph was obtained from the New York Post.")] and that "the Photograph was published alongside the [Buzzfeed] article" [Answer, ¶ 18; Amended Answer, ¶ 18].  Buzzfeed has also stipulated that "A photograph that appears to be identical to that claimed in this case was included as part of the [Buzzfeed] Article." [Proposed Joint Pre-Trial Order, dated June 4, 2018]

<u>Second</u>, Defendant admits that Mango never granted Buzzfeed authorization to copy the Photograph or distribute copies of his image to the public.   [*See* Answer, ¶ 20; Amended Answer, ¶ 20 ("BuzzFeed did not obtain a license from Mango to use the Photograph.")]  As such, Buzzfeed violated Mango's exclusive rights under section 106 of the Act because its actual copying amounted to "an improper and unlawful appropriation." *Castle Rock,* 150 F.3d at 137.

C.    **BUZZFEED'S DEFENSES TO LIABILITY FAIL AS A MATTER OF LAW**

In its Answer, Buzzfeed interposed two defenses to liability for copyright infringement.  In its Fifth Defense, Buzzfeed argues that "Mango lacks standing to bring this suit because he does not own any copyright rights [sic] in the Photograph] [Answer, Fifth Defense].  Buzzfeed's Sixth Defense argues that Mango "does not possess a valid copyright registration."  [*Id.*, Sixth Defense].  Buzzfeed's remaining defenses are either defenses to damages (First, Second, Third, Fourth) or defenses to the DMCA claim (Seventh).

Since Plaintiff has conclusively demonstrated that he owns a copyright to the Photograph and possesses a valid copyright registration, the Fifth and Sixth Defense should be dismissed.

**POINT II:**    **PLAINTIFF ESTABLISHES HIS DMCA CLAIM UNDER 17 U.S.C. § 1202(b) (COUNT II)**

The DMCA prohibits, among other things, 'intentionally remov[ing] or alter[ing] any copyright management information.'" *Zalewski v. Cicero Builder Dev., Inc.,* 754 F.3d 95, 107 (2d Cir. 2014) (*quoting* 17 U.S.C. § 1202(b)) (alteration in the original). To establish a violation under subsection 1202(b) for removal and/or alteration of copyright management information ("CMI"), a plaintiff must show "(1) the existence of CMI on the [infringed work]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *Gattoni v. Tibi, LLC*, 254 F. Supp. 3d 659, 664 (S.D.N.Y. 2017) (quoting *BanxCorp v. Costco Wholesale Corp.*, 723 F.Supp.2d 596, 609 (S.D.N.Y. 2010) (collecting cases)).

A.    **ELEMENT #1: A "GUTTER CREDIT" CONSTITUTES CMI AS A MATTER OF LAW**

The DMCA defines CMI as "[t]he title and other information identifying the work," and "[t]he name of, and other identifying information about, the author of a work." 17 U.S.C. § 1202(c).  A "gutter credit" — a photographer's name placed below an image — can constitute CMI within the meaning of the DMCA. *See Agence France Presse v.  Morel*, 769 F. Supp.2d 295, 305–06 (S.D.N.Y. 2011) (collecting cases which recognize a broad definition of CMI under statute).

Here, the New York Post article, dated January 18, 2017, displayed a "gutter credit" below the Photograph, showing that Gregory Mango is the author of the work. [Pl. Ex. 13]  Accordingly, due to the existence of CMI on the infringed work, Plaintiff has satisfied the first element of the DMCA claim.

**B.    ELEMENT #2: EVIDENCE OF BUZZFEED'S REMOVAL OF MANGO'S CMI IS CLEAR ON THE FACE OF THE BUZZFEED ARTICLE**

With respect to the second element of the DMCA claim, a side-by-side comparison of the New York Post article, dated January 18, 2017, and the Buzzfeed article, dated April 17, 2017, shows that Mango's CMI has been removed from the Photograph and replaced with "Fisher & Taubenfeld."

Buzzfeed readily admits that it obtained the Photograph from the New York Post [*See* Answer, ¶ 36; Amended Answer, ¶ 36 ("[T]he Photograph was obtained from the New York Post.")]  So Buzzfeed was aware of Mango's CMI at the time it obtained the Photograph from the New York Post.  This shows that Buzzfeed removed the CMI from the Photograph and replaced it with a false attribution.  Accordingly, the second element of Mango's DMCA claim is established.

| New York Post Article, 1/18/17 | Buzzfeed Article, 4/11/17 |
|---|---|



**C.    ELEMENT #3: BUZZFEED REMOVED MANGO'S CMI WITH THE INTENT TO INDUCE, ENABLE, OR FACILITATE COPYRIGHT INFRINGEMENT**

The third element of the DMCA claim requires Plaintiff to show that Buzzfeed's removal of Mango's "was done intentionally." *Banxcorp*, 723 F. Supp. 2d at 609-610.  Of course, "whenever state of mind is at issue, direct proof of one's specific wrongful intent is rarely available and so recourse to circumstantial evidence is most often necessary." *Friedman v. Live Nation*, 833 F.3d 1180, 1189 (9th Cir. 2016).

Here, the circumstantial evidence on record shows that Buzzfeed removed Mango's CMI intentionally.

First, Buzzfeed is a sophisticated publisher of copyrighted material which employs in-house counsel to manage the "Rights and Clearances" of intellectual property

utilized by Buzzfeed in its news articles. Given the wide-ranging breadth and depth of

Buzzfeed's involvement in exploiting copyrighted materials (including photographs) on

the internet, Buzzfeed is sophisticated about copyright law and licensing procedures.

Second, Buzzfeed knew that the CMI had been removed from Mango's

Photograph because Buzzfeed admits in its pleadings that it obtained the Photograph

from the New York Post [Answer, ¶ 36; Amended Answer, ¶ 36]. This shows that

Buzzfeed's senior news reporter, Michael Hayes, was aware of the New York Post article

*before* he removed Mango's attribution from the Photograph.

Third, Mr. Hayes knew at the time he published the Article that he did not have

authorization from Liane Fisher, Esq. of Fisher & Taubenfeld to publish the Photograph.

Thus, not only did he remove Mango's CMI from the Photograph, but he also provided a

false attribution to Fisher & Taubenfeld, who never granted authorization and, in any

event, has no interest in the copyrighted work. This shows that Mr. Hayes provided false

attribution with awareness that infringement was occurring.

Fourth, Mr. Hayes is a senior news reporter at Buzzfeed [P. Ex. 37] and is

therefore highly experienced in publishing photographs to the Buzzfeed News site, as

well as providing attributions to photographers. [Pl. Ex. 37-47]. Mr. Hayes' high degree

of specialized knowledge about licensing procedures and attributions shows that: (a) he

knew that Mango's CMI could not be removed from the Photograph without Mango's

authorization; and (b) Fisher & Taubenfeld did not have rights to the Photograph.

Ultimately, Mr. Hayes had no intention of licensing the Photograph from Mango because

he wanted to exploit it for free. He therefore attempted to obtain Fisher's authorization as

a "cover" for Buzzfeed's infringement. [Pl. Ex. 11]  As such, the third element of

Mango's DMCA claim is satisfied.

**POINT III:    ON COUNT I, PLAINTIFF SHOULD BE AWARDED $30,000 IN STATUTORY DAMAGES AS A CIVIL PENALTY FOR WILLFUL INFRINGEMENT UNDER 17 U.S.C. § 504(c)**

Plaintiff's copyright infringement claim qualifies for statutory damages under 17

U.S.C. § 504(c) because the Photograph was registered within three months of initial

publication.  *See* 17 U.S.C. § 412(2); *see also Arista Records LLC v. Lime Grp. LLC*, No.

06 CV 5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011) (noting that

section 412(2) provides a three-month grace period to register a copyright after the

work's first publication).[5]

**A.    STATUTORY DAMAGES ARE DESIGNED TO DETER FUTURE INFRINGEMENT**

"A statutory damages award under the Copyright Act is by definition an

authorized civil penalty." *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703,

732 (S.D.N.Y. 2014).  "[A]n award of statutory damages may serve purposes

traditionally associated with legal relief, such as compensation and punishment." *Feltner*

*v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998); *see also Lauratex*

*Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981)

(explaining that statutory damages may be used to "provide a deterrent for would-be

infringers"); *Richard Feiner and Co., Inc. v. Passport Int'l Prods., Inc.*, No. 97 Civ.

---

[5] Here, the Photograph was initially published on January 18, 2017 and the effective date of registration is March 26, 2017, well within the three-month grace period to qualify for statutory damages and attorneys' fees.

9144(RO), 1998 WL 437157, at *2 n. 13 (S.D.N.Y. July 31, 1998) (statutory damages under the Copyright Act "serve[ ] two purposes - compensatory and punitive.").[6]

Indeed, the Court need not assess Plaintiff's loss of revenues or Defendant's profits to calculate a substantial statutory damages award. *See Tu v. TAD System Technology, Inc.*, 2009 WL 2905780 (E.D.N.Y. Sept. 10, 2009) ('the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award."); *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established).[7]

## B.   BUZZFEED'S COPYRIGHT INFRINGEMENT WAS WILLFUL

To prove "willfulness" under the Copyright Act, "the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. *Island Software & Computer Serv.*, 413 F.3d at 263 (citations omitted); *see also Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir.2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement. A plaintiff is not required to

---

[6] *See also Stevens v. Aeonian Press, Inc.*, No. 00 Civ. 6330(JSM), 2002 WL 31387224 at *1 (S.D.N.Y. Oct. 23, 2002) ("[S]tatutory damages are not meant to be merely compensatory or restitutionary . . . . The statutory award is also meant 'to discourage wrongful conduct."); *Broadcast Music, Inc., v. R Bar of Manhattan, Inc.*, 919 F.Supp. 656, 660 (S.D.N.Y. 1996) (in order "to put infringers 'on notice that it costs less to obey the copyright laws than to violate them,' . . . a statutory damage award should significantly exceed the amount of unpaid license fees.").

[7] *See also Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("Absent additional evidence of profits lost and repeated by the parties, this court must rely principally on defendants' willful conduct in determining damages."); see also *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy [of discouraging wrongful conduct].")

show that the defendant had knowledge that its actions constituted an infringement.").

"[A] defendant's actual or constructive knowledge proves willfulness." *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986). Thus, if Buzzfeed knew or should have known that it was required to obtain a license from the rightful copyright holder, but failed to do so, the Court can find willfulness.

Here, the Court should find the infringement was willful because: (1) Buzzfeed is in the publishing business and therefore presumed to be sophisticated about copyright law and licensing procedures; (2) Buzzfeed's Senior News Reporter, Michael Hayes, failed to inquire as to the identity of the copyright holder, removed Mango's CMI and replaced it with a false attribution; (3) in the past two years, Buzzfeed has been sued for copyright infringement over six times.

First, the record demonstrates that Buzzfeed is in the news publishing industry, routinely licenses photographs for use in its publications, employs "Rights & Clearances" attorneys in-house who are knowledgeable about copyright law and licensing practices, and likely maintains written standard or practices concerning licensing procedures. These facts show that Buzzfeed knew or should have known that it needed clearance from the copyright holder to republish the Photograph. But Buzzfeed made no attempt to seek authorization from Mango (or the New York Post) and therefore recklessly disregarded Mango's rights.[8]

---

[8] *See, e.g., Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Castle Rock Entertainment v. Carol Pub. Group, Inc.*, 955 F.Supp. 260, 267 (S.D.N.Y.1997) (where publisher "testified that his company has had experience with the copyright laws, and that he is familiar with the requirements of those laws, the court found publisher acted in reckless disregard because it was sophisticated with respect to the publishing industry and copyright laws); *Viacom, Int'l Inc. v. Fanzine Int'l, Inc.*, 98 Civ. 7448, 2001 WL 930248, at *4 (S.D.N.Y. Aug. 16, 2001) (finding willful infringement where defendant was "a multi-national publishing company that publishes over 200

        <u>Second</u>, Michael Hayes is the author of the Article and a senior reporter at Buzzfeed News.  His failure to inquire as to the status of the copyright holder or to consult with Buzzfeed's in-house counsel concerning whether the Photograph was properly licensed shows recklessness.  Further, his removal of Mango's CMI and replacement with a false attribution, coupled with his lack of authorization from Liane Fisher, Esq. (who had no right to grant authorization in the first place) further demonstrates "willful blindness" in publishing the Photograph to the Website.   It is evident, based on the facts on record, that Mr. Hayes, who had no intention of paying any licensing fee for the Photograph, removed Mango's CMI and replaced it with an attribution to "Fisher & Taubenfeld" in order to enable the infringement.

        <u>Third</u>, Buzzfeed has been sued for copyright infringement in this District at least six times in the past two years.  Repeated litigation shows that Buzzfeed should have known that it needed to obtain a license to publish Mango's Photograph.[9]

### C.    AN AWARD OF **$30,000** IS AN APPROPRIATE CIVIL PENALTY FOR WILLFUL INFRINGEMENT, PARTICULARLY GIVEN THE SIZE AND WEALTH OF BUZZFEED

        An award of <u>$30,000</u> is appropriate on the following grounds:

---

magazine releases a year" and "[a]s such ... is or should be familiar with copyright law and particularly with the general practices of securing permission before reproducing copyrighted works"); *EMI Entertainment World, Inc. v. Karen Records, Inc.*, 806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212 (S.D.N.Y. June 10, 2013) (noting that "other courts in this district have inferred willful infringement from a defendant's ownership of copyrights and experience in an industry heavily regulated by copyright law."); *Van Der Zee*, 2006 WL 44020 at *2 ("Defendants' work in the book publishing industry should have provided sufficient knowledge that copyright protection is available for photographs.").

[9] *See, e.g., EMI Entertainment World.*, 806 F.Supp.2d at 704 ("Other courts in this district have found that a defendant whose practices have given rise to other copyright suits acts in reckless disregard of copyrights holders' rights when he continues them and merely instructs employees not to violate copyright law."); *The Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.*, 04 Civ. 5002, 2005 WL 2063819, at *3 (S.D.N.Y. Aug. 24, 2005) (noting that plaintiff's prior "lawsuit put [defendant] on clear notice of the risk of infringement involved in his company's practices"); *Viacom, Int'l Inc.*, 2001 WL 930248, at *4 (finding willful infringement where the defendant "has been sued at least two other times for copyright infringement within a span of one year").

**(1)** there is longstanding judicial precedent in this Circuit for awarding $30,000 in single work statutory damages cases where the infringer has defaulted, even without any proof of lost licensing fees.  [Pl. Exs. 28-35]; *accord Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (awarding $30,000 for willful infringement of a single copyrighted work).[10]  As a matter of public policy, if Buzzfeed is found liable for willful infringement, it should not be treated more favorably than a defaulting party.

**(2)** Buzzfeed's reported valuation as a $1.7 billion company as of 2016 [Pl. Exs. 24, 26] justifies a statutory damages award in the amount of $30,000 to satisfy the deterrence factor contemplated by the statute.  This is because "the defendant's size and financial assets are highly relevant to arriving at the appropriate level of statutory damages." *UMG Recordings, Inc. v. MP3.Com, Inc.*, No. 00-cv-472 (JSR), 2000 WL 1262568 at *6 (S.D.N.Y. Sept. 6, 2000); *see also Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F.Supp.2d 455, 461 (D. Maryland 2004) ("[t]he wealth of the defendant has been widely recognized as relevant to the deterrent effect of a damages award.").[11]

---

[10] *See also Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (finding request for $30,000 in statutory damages appropriate and consistent with awards in similar copyright cases involving default); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) ("it is appropriate for the court to consider the inference of willfulness based on defendants' default in determining the amount of damages within the statutory award range."); *Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (awarding the "maximum allowable amount of unenhanced statutory damages" of $30,000 upon default to deter defendant and others from future infringement); *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (on default, recommending award of statutory damages in the amount of $30,000 on grounds that this "amount would more than compensate Plaintiffs for their actual losses, . . . would be high enough to deter Defendants and others from similar conduct in the future, and is consistent with statutory damages amounts awarded in similar cases); *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 721 (W.D.N.Y. 2011) (awarding $30,000 for default in copyright infringement suit).

[11] *See also Psihoyos v. John Wiley & Sons, Inc.*, No. 11 CIV. 1416 JPO, 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd,* 748 F.3d 120 (2d Cir. 2014) ("considering the fact that Defendant is a '$300 million a year division of a $1.7 billion company' (*see* Trial Tr. at 925:7–11), the deterrent effect of a $130,000 damages award hardly seems excessive, and may not even be sufficient to 'hurt the offender's

**POINT IV:   ON COUNT II, PLAINTIFF SHOULD BE AWARDED $5,000 IN STATUTORY DAMAGES UNDER 17 U.S.C. § 1203(c)(3)(B)**

For a violation of section 1202(b) of the Copyright Act, section 1203(c)(3)(B) provides for statutory damages in the range of not less than $2,500 or more than $25,000. 17 U.S.C. § 1203(c)(3)(B). Plaintiff seeks $5,000 in statutory damages for Buzzfeed's violation of section 1202(b) to deter future misconduct and on account of Buzzfeed's size and wealth.

**CONCLUSION**

For the foregoing reasons, the Court should find Defendant Buzzfeed, Inc. liable for copyright infringement (Count I) and in violation of section 1202(b) of the DMCA (Count II).  To deter future infringement and vindicate the public interest, the Court should award $30,000 in statutory damages for Count I and $5,000 in statutory damages for Count II, plus reasonable attorneys' fees and costs.

Respectfully Submitted:

LIEBOWITZ LAW FIRM PLLC

by: **/jameshfreeman/___**
James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

*Counsel for Plaintiff Gregory Mango*

---

pocketbook enough for [it] to take notice.') (quoting *SESAC, Inc. v. WPNT, Inc.,* 327 F.Supp.2d 531, 532 (W.D.Pa.2003)); *Capitol Records, Inc. v. MP3tunes, LLC*, 48 F. Supp. 3d 703, 732 (S.D.N.Y. 2014), *aff'd in part, rev'd in part and remanded sub nom. EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 840 F.3d 69 (2d Cir. 2016) ("Because punitive damages act as a deterrent, a wealthier defendant may be subject to stiffer penalties") (citing *Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1119 (2d Cir.1986)*); RCA Records v. All–Fast Sys., Inc.,* No. 84 CV 631(CSH), 1985 WL 3059, at *1 (S.D.N.Y. Oct. 9, 1985) ("[t]he degree to which an award of statutory damages 'smarts' the offender depends, in part, upon the offender's size and ability to absorb economic punishment"); *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 485 (7th Cir.2003) ("sizeable award . . . is both suitable and necessary to punish and deter a corporation of this size"); *Stevens,* 2002 WL 31387224 at *3 ("Defendants' financial circumstances also are relevant in determining an amount of damages that will serve to deter future infringing conduct").