UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MANGO,<br><br>      Plaintiff,<br><br>   v.<br><br>BUZZFEED, INC.,<br><br>      Defendant. | Case No. 1:17-cv-6784 (VM) (KNF) |

## BUZZFEED'S PRE-TRIAL MEMORANDUM OF LAW

Eleanor M. Lackman
Brittany L. Kaplan-Peterson
COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
ELackman@cdas.com
BKaplan@cdas.com

*Attorneys for Defendant BuzzFeed, Inc.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..……………………………………….....................ii, iii

PRELIMINARY STATEMENT ..……………………...…………………………...…....1

RELEVANT FACTUAL BACKGROUND………………..…..……………………...……3

ARGUMENT……………………………………………………………………...….…..5

I.  TO THE EXTENT THAT LIABILITY EXISTS, ANY STATUTORY DAMAGES AWARD SHOULD BE ANALYZED BASED ON A REASONABLE LICENSE FEE BUZZFEED WOULD HAVE PAID FOR THE PHOTOGRAPH…...…………………………………………………..…..……....5

    A.    Any Damage Award Should Be Based on a Reasonable License Fee………..……………………………………………………………6

    B.    Mango Fails to Establish Willful Infringement…………………………….…….9

II.  THERE IS NO EVIDENCE IN THE RECORD TO SUGGEST THAT BUZZFEED IS LIABLE UNDER DMCA SECTION 1202(B) ……………………....……..……12

CONCLUSION …………...…………………………………………………..………13

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                         Page(s)

*Agence France Presse v. Morel*,
   No. 10-CV-2730 AJN, 2014 WL 3963124 (S.D.N.Y. Aug. 13, 2014) ........................................13

*BanxCorp v. Costco Wholesale Corp.*,
   723 F Supp. 2d 596 (S.D.N.Y)..................................................................................................12

*Barcroft Media, Ltd. v. Coed Media Group, LLC*,
   No. 16-cv-7634 (JMF), 2017 WL 5032993 (S.D.N.Y. Nov. 2, 2017).............................................6

*Barcroft Media, Ltd. v. Coed Media Grp., LLC*,
   No. 16-CV-7634 (JMF), 2018 WL 357298 (S.D.N.Y. Jan. 10, 2018) ...........................................8

*Branch v. Ogilvy & Maher, Inc.*
   772 F. Supp. 1359 (S.D.N.Y. 1991)..............................................................................................9

*Broad Music, Inc. v. Prana Hospitality, Inc.*,
   158 F. Supp. 3d 184 (S.D.N.Y. Jan. 21, 2016) .............................................................................7

*Bryant v. Media Right Prod. Inc*
   603 F.3d 135 (2d Cir. 2010).........................................................................................5, 7, 8, 9

*BWP Media USA Inc. v. Uropa Media, Inc.*,
   No. 13 Civ. 7871 (JSR) (JCF), 2014 WL (S.D.N.Y. May 16, 2014).............................................6

*Chevrestt v. Am. Media, Inc.*,
   No. 16 CIV. 5557, 2016 WL 4557318, (S.D.N.Y. Aug. 31, 2016) …………..……………........12

*Cruz v. Am. Broad. Cos.*,
   No. 17-cv-8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017)........................................11

*Erickson Productions, Inc. and Jim Erickson v. Only Websites, Inc.*,
   No. 12 Civ. 1693 (PGG) (KNF), 2016 WL 1337277 (S.D.N.Y. Mar. 31, 2016) ...........................6

*Fischer v. Forrest*,
   No. 14 Civ. 1304 (PAE) (AJP), 2017 WL 2992663 (S.D.N.Y. July 14, 2017).............................12

*Fitzgerald Pub. Co. v. Baylor Pub. Co.*,
   807 F.2d 1110 (2d Cir. 1986).......................................................................................................9

*Hirsch v. CBS Broad. Inc.*,
   No. 17 CIV. 1860 (PAE), 2017 WL 3393845 (S.D.N.Y. Aug. 4, 2017) ……………………12

*Kanongataa v. Coed Media Grp., LLC*,
    No. 16 Civ. 7472 (LAK), Dkt. Nos. 27 & 46 (S.D.N.Y. Feb. 15, 2017) ……………......………11

*McDermott v. Monday Monday, LLC*,
    No. 17 Civ. 9230 (DLC), 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018) ................................10, 11

*Nat'l Photo Group, LLC v. Bigstar Entm't, Inc.*,
    No. 13 Civ. 5467(VSB)(JLC), 2014 WL 1396543 (S.D.N.Y. Apr. 11, 2014) ...............................7

*Peer Int'l Corp. v. Luna Records, Inc.*,
    887 F. Supp. 560 (S.D.N.Y. 1995)...............................................................................................6

*Reilly v. Commerce*,
    No. 15-CV-05118 (PAE) (BCM), 2016 WL 6837895 (S.D.N.Y. Oct. 31, 2016) ..........................7

*Rudkowski v. Mic Network, Inc.*,
    No. 17 Civ. 3647 (DAB), 2018 WL 1801307, (S.D.N.Y. Mar. 23, 2018).…………… ......…….11

*Sixx Gunner Music v. The Quest, Inc.*,
    777 F. Supp. 2d 272, (D. Mass. 2011) ……………………………………………......……...7

*Steeger v. JMS Cleaning Servs. LLC*,
    No. 17 Civ. 8013 (DLC), 2018 WL 1136113 (S.D.N.Y. Feb. 28, 2018) …...……… ......……....11

## Rules and Statutes

17 U.S.C. § 504(c) ........................................................................................................................6, 9

17 U.S.C. § 512(m) ........................................................................................................................10

17 U.S.C. § 1202........................................................................................................................2, 12

17 U.S.C. § 1202(b) ...........................................................................................................2, 12, 13

Defendant BuzzFeed, Inc. ("BuzzFeed") respectfully submits this pre-trial memorandum of law in support of its defenses in the above-captioned action.

## PRELIMINARY STATEMENT

This case presents a classic example of ill-thought-out use of the courts by an overzealous photographer (whose going rate is a low $300 per day for unlimited use to the *New York Post* and who receives at little as 90 cents per photo in other cases), and the Liebowitz firm (which has racked up sanctions and criticism from the Southern District of New York), seeking to strong-arm exponentially more money out of an online media outlet than the photographer would ever have earned from licensing his photographs.  While BuzzFeed, a content creator itself which has never been held liable for infringement, respects copyright and agrees that creators should be compensated for their work, it, like many media outlets defending against claims like those at issue here, has been forced to draw a line in the sand.  BuzzFeed has even served a Rule 68 offer of judgment to resolve the matter, but plaintiff Gregory Mango ("Mango") apparently prefers to litigate the case on principle.

The evidence will show that, at best for Mango, he is entitled to no more than $750.  At worst for Mango, his claims will be dismissed.  Indeed, it is not even clear from the record that BuzzFeed's use of Mango's photograph here was improper.  As discussed *infra*, one of BuzzFeed's reporters procured the image after believing he had assurances from individuals BuzzFeed reasonably believed had authority to grant permission for use in a news story.  The evidence and testimony will bear out whether these third parties were authorized to sublicense the photograph (therefore precluding a claim for infringement) or, if not, will show that BuzzFeed acted with pure intentions.

However, if the Court awards damages to Mango in connection with this his claim for copyright infringement, those damages should be significantly limited in nature and nowhere near the exorbitant amount he believes he is owed. To the extent statutory damages are appropriate, the amount of such damages should be limited to a low multiple of a reasonable (*i.e.*, in the two if not low three figures) license fee in accordance with other decisions in this District, and given that any infringement was not willful. Indeed, there is no evidence in the record of willful intent on the part of BuzzFeed or its writers or editors, yet there is evidence that the Photograph was sourced from a third party who represented that it had authority to do so. Moreover, BuzzFeed not only has taken down the photograph at issue but has participated in a mediation with Magistrate Judge Fox and has propounded reasoned settlement offers to Mango, which have been rejected. Faced with highly unrealistic settlement demands even despite concerted efforts to reach a fair resolution, BuzzFeed cannot be bullied into paying unreasonably profit-seeking litigants like Mango and his equally aggressive and unreasonable attorneys excessive sums simply to avoid the cost of litigation, particularly for a post that was not prominent or of significant value.

Separately, the Court should rule in BuzzFeed's favor on Mango's claim arising under 17 U.S.C. § 1202. Mango's bare-bones pleading on information and belief is insufficient to state a claim let alone carry the day at trial, and Mango can point to no evidence in the record that BuzzFeed intentionally tampered with his photo credit, let alone did so to conceal or encourage downstream infringement. The same evidence that will discount any claim for willfulness will also show a complete lack of the necessary intent under § 1202(b) given that BuzzFeed credited whom it believed to be the proper source. The Court should see Mango's boilerplate Count II for

what it is – a throwaway claim included solely to attempt to increase settlement leverage and the perceived value of Mango's otherwise low-value copyright infringement claim.

While BuzzFeed wanted to do right by Mango to the extent Mango had a claim at all, it cannot do so on Mango's untenable terms, particularly not when Mango's law firm has been indiscriminately filing copyright infringement lawsuits against media companies without warning, investigation, or regard to the facts or the law pertaining to those claims.  Based on the foregoing, and for the reasons discussed more fully below, if the Court awards Mango damages for infringement – which BuzzFeed does not concede would be appropriate or necessary under these facts – those damages should, in accordance with precedent in this District and Mango's inability to show willfulness on the part of BuzzFeed, be minimal, and the Court should rule that no evidence supports Mango's claim for tampering with copyright management information.

## RELEVANT FACTUAL BACKGROUND

The facts of this case are simple.  BuzzFeed is a leading independent online media company that produces news, entertainment, and lifestyle content via its website buzzfeed.com and its various social media channels.  (*See* D. Ex. 5 ¶¶ 10, 12; https://www.buzzfeed.com/about.)  Mango purports to be a professional photojournalist.  (*See* Am. Cplt. ¶ 5.)  Mango alleges that he took a photograph depicting Raymond Parker, the successful plaintiff in a civil rights action (the "Photograph"), and that BuzzFeed infringed Mango's copyright in the Photograph by publishing a copy of the Photograph, without a license, to illustrate a news story concerning Mr. Parker's legal victory.  (*See id.* ¶¶ 17, 18, 20, 28, 29.)  Mango also claims that BuzzFeed somehow tampered with copyright management information ("CMI") that appeared below the Photograph – namely, Mango's "gutter credit" – allegedly with the intent of inducing or encouraging other copyright infringements.  (*See id.* ¶¶ 21, 35-41.)

BuzzFeed does not dispute that it used the Photograph in a news story, on one occasion, and that it did not obtain a license directly from Mango. One of BuzzFeed's writers, Michael Hayes, procured the image after speaking with Mr. Parker's employment attorneys; Mr. Hayes asked for comment from Mr. Parker's lawyer Liane Fisher, and asked that she provide him with a picture of Mr. Parker. (*See* D. Ex. 1 at MANG0042-44; DEF0038.) Although his recollection is poor due to the volume of stories he writes and the fact that this one was not particularly a standout as compared to the others, Mr. Hayes recalls that Ms. Fisher either sent him the Photograph, which had been used to illustrate a story about Mr. Parker in the New York *Post*, or she claimed to have authority to use the Photograph from the *Post*, and that gave him permission to use it; he did not copy or save the Photograph without this purported permission. (*See* D. Ex. 1 at MANG0037; D. Ex. 7.) Ms. Fisher seems to recall that Mr. Parker may have himself sent the Photograph to Mr. Hayes (*see* D. Ex. 1 at MANG0026). Either way, Mr. Hayes was granted or otherwise believed he had permission to use the Photograph in his news story about Mr. Parker's case. Mr. Hayes' testimony will show that he reasonably relied on this permission, particularly based on his experience with attorneys who offer press kits (including photographs) related to their clients' legal victories, and that he saved the image file without removing data or credits.[1]

Nonetheless, even if BuzzFeed used the Photograph without a valid license, Mango grossly overvalues his claim given that, according to documents produced by the *New York Post*, his "day rate" – the amount a client pays him for an entire day's worth of work on a story, photography, and the rights to make unlimited use of the resulting images – for the *Post* assignment to photograph Mr. Parker was $300, lower than the fee to commence an action in this

---

[1] The testimony will also bear out whether Ms. Fisher, Mr. Parker, and/or the New York *Post* were sublicensees of the Photograph and were legally entitled to grant Mr. Hayes permission to use same. If that is so, BuzzFeed is not liable as a matter of law based on a license defense.

District.  (*See* D. Exs. 2 & 6; Mango Dep. Tr. 88:16-85:8; 90:2-4.)  The evidence Mango has produced indicates that the fee he receives for any given individual photograph can be as low as 90 cents, and at best, no higher than the low three figures for analogous uses, (*see* D. Exs. 3 & 4), with an approximate average of $51.14 for online use by media companies similar to BuzzFeed. (*See* D. Ex. 12.)  Further, Mango admitted in his deposition that larger publishers will be charged a higher rate, and that a publisher as large as *Time* magazine had historically paid him only $300 for the use of a photograph.  (*See* Mango Dep. 210:11-18; 213:8-13.)  Even rare and hard-to-obtain photographs concerning extremely in-demand subject matter – which Plaintiff does not contend is the case here – license for similar amounts, such as $450.  (*See id.* 218:23-221:16.) Indeed, the evidence will show that for the $300 paid to Mango, the *Post* published two photographs of Mr. Parker (out of 30-40 taken during the shoot, *see* Mango Dep. Tr. 35:10-22) in multiple articles, *i.e.*, a maximum of $150 per photograph.

Moreover, BuzzFeed's evidence shows that the article featuring the Photograph was visited only 8,918 times between the date of publication and June 1, 2018, and revenue and profits earned or received from the article at issue is less than $14.  (*See* D. Ex. 8.)[2]

BuzzFeed has attempted on multiple occasions to settle this matter for a reasonable amount and on reasonable terms, including through mediation, given the available facts and applicable legal standards, but Mango and his counsel have consistently taken unreasonable positions in complete disregard for relevant case law that belies their unrealistic demands.

---

[2] For advertisements like those appearing on the article, BuzzFeed obtains a maximum of $14 per 1000 impressions for the article (*i.e.,* number of times the ad loads on a computer browser).  (*See id.*)  BuzzFeed began providing advertisements on the article at issue in September of 2017, when it began testing providers of advertising services, and the Photograph was removed from the article on November 1, 2017.  (*See id.*)  The total amount of impressions for the article during September and October 2017 was less than 114.  (*See id.*)

Accordingly, this Court must now expend judicial resources adjudicating a bench trial over a claim whose value does not even justify the cost of an index number.

## ARGUMENT

**I.     TO THE EXTENT THAT LIABILITY EXISTS, ANY STATUTORY DAMAGES AWARD SHOULD BE ANALYZED BASED ON A REASONABLE LICENSE FEE BUZZFEED WOULD HAVE PAID FOR THE PHOTOGRAPH**

District courts "enjoy wide discretion . . . in setting the amount of statutory damages," in copyright cases, *Bryant v. Media Right Prod. Inc.*, 603 F.3d 135, 143 (2d Cir. 2010) (citations and quotation marks omitted), and to the extent any statutory damages are even appropriate here, an award at the lowest end of the spectrum would be more than sufficient. Indeed, the Court recognized early on during the initial pretrial conference on December 15, 2017, in response to Mango's attempts to argue that this case is comparable to a case involving widespread and willful use of thousands of musical works, that Mango likely would only be entitled to the statutory minimum award of $750. *See also* 17 U.S.C. § 504(c)(1). The Court's intuition was correct both factually and legally.[3]

### B.     Any Damage Award Should Be Based on a Reasonable License Fee

Statutory damages are "not intended to provide a plaintiff with a windfall recovery." *Peer Int'l Corp. v. Luna Records, Inc.*, 887 F. Supp. 560, 569 (S.D.N.Y. 1995). To the extent the Court awards damages, a low statutory damages award would be consistent with prior comparable awards in this District.

Courts in this District awarding statutory damages for similar online uses of photos typically award three to five times a reasonable license fee the defendant would have paid, to account for the lost fee and an element of deterrence. *See*, *e.g.*, *Barcroft Media, Ltd. v. Coed*

---

[3] Although no transcript was recorded, the undersigned's contemporaneous notes indicate that the Court stated "you're getting $750" to Mango's counsel.

*Media Group, LLC*, No. 16-cv-7634 (JMF), 2017 WL 5032993, at *8-12 (S.D.N.Y. Nov. 2, 2017) (Furman, J.) (holding that a statutory damage award would be keyed to a five-times multiple of the reasonable license fee the defendant would have paid – not a multiple of the statutory minimum, or the highest license paid, or some other arbitrary number); *Erickson Productions, Inc. and Jim Erickson v. Only Websites, Inc.*, SLIP, 2016 WL 1337277 (S.D.N.Y. Mar. 31, 2016) (awarding "three times the licensing fee the plaintiffs charge typically to those who wish to obtain online usage or an Erickson copyrighted photograph," where Judge Fox "considered [the licensing fee typically charged by Plaintiffs]"). *See also BWP Media USA Inc. v. Uropa Media, Inc.*, No. 13 Civ. 7871(JSR)(JCF), 2014 WL 2011775 (S.D.N.Y. May 16, 2014); *Nat'l Photo Group, LLC v. Bigstar Entm't, Inc.*, No. 13 Civ. 5467(VSB)(JLC), 2014 WL 1396543 (S.D.N.Y. Apr. 11, 2014).

Here, the reasonable license fee for the single Photograph at issue that "the defendant would have paid," *Broad. Music, Inc. v. Prana Hospitality, Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. Jan. 21, 2016), would logically be far less than Mango's day rate of $300. *See Reilly v. Commerce*, No. 15-CV-05118 (PAE) (BCM), 2016 WL 6837895, at *9 (S.D.N.Y. Oct. 31, 2016) (noting the statutory award must bear "some relation to actual damages suffered"). Until June 1, 2018, Mango provided no licensing data aside from his day rate, and that which he did provide on that date shows that for what appear to be comparable uses, the fee paid is as low as 90 cents to the low three figures per photo even for larger publishers (*see* D. Exs. 3 & 4; Mango Dep. 210:11-18; 213:8-13); thereafter, he produced evidence that shows an approximate average of $51.14 for online use by media companies similar to BuzzFeed.  (*See* D. Ex. 12.) Accordingly, the Court should exercise its discretion in deciding the licensing value of one

7

photograph, even multiplied by five, would still likely equal far less than $750, which means the Court would round up to the that statutory minimum.  This is all Mango is entitled to recover.[4]

Another way to reach the appropriate damages calculation is pursuant to the test set forth in *Bryant*, which sets forth factors that the court may consider in its analysis: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.  *Bryant*, 603 F.3d 135 at 143-44.

If the Court follows the factors in *Bryant*, they play out as follows: (1) if there is any liability found, BuzzFeed unquestionably does not have a willful state of mind for the reasons discussed below; (2) if BuzzFeed saved any money by using the photograph, as noted above, the value would be minimal, and there is no evidence of any material profits earned from the article featuring the Photograph due to the small advertisement on the page and low impressions (*see* D. Ex. 8); (3) if Mango had licensed the photograph to BuzzFeed, the value would be similarly miniscule;[5] (4) multiplying the reasonable license fee accounts for the deterrent factor, *cf. Barcroft Media, Ltd. v. Coed Media Grp., LLC*, No. 16-CV-7634 (JMF), 2018 WL 357298, at *3 (S.D.N.Y. Jan. 10, 2018) (in deciding fees motion, court noted that it "considered the need for

---

[4] There is no evidence in the record that BuzzFeed earned any significant revenues in connection with its one story featuring the Photograph, and in fact, the only relevant evidence shows just the opposite (*see* D. Ex. 8); this, too, should factor into the Court's damages calculation.  *See, e.g.*, *Sixx Gunner Music v. The Quest, Inc.*, 777 F. Supp. 2d 272, 274 (D. Mass. 2011) ("Certainly, the fact that Defendant reaped minimal benefits from its misconduct compels the court to exercise restraint in arriving at a damages award.").

[5] BuzzFeed also did not break a news story or exclusively publish the Photograph, and Mango has not provided any evidence that BuzzFeed in any way negatively affected Mango's ability to market and sell the Photograph for exclusive uses by other publications.  As Mango concedes, nobody else contacted him to license the Photograph, which further confirms its low licensing value in the marketplace.

compensation and deterrence in awarding statutory damages in an amount greatly exceeding any damages Plaintiffs were able to prove at trial"), but even so, the cost to fund the defense of this lawsuit without regard to the resources expended by the Court is troubling enough; (5) this factor is not particularly applicable, as BuzzFeed has been as forthcoming as was reasonable given Mango's request for extremely invasive, overbroad, and irrelevant discovery on BuzzFeed's financial records; and (6) BuzzFeed has acted reasonably and according to applicable law throughout this matter, but as discussed above, Mango has been nothing but obstinate in his unrealistic expectations of a windfall from this lawsuit, and has consistently ignored directly analogous case law and not-so-subtle hints from the Court that should have motivated him to work with BuzzFeed to resolve this case before wasting this Court's time and resources on a trial.

### C. Mango Fails to Establish Willful Infringement

Even assuming infringement occurred, any statutory damage award, if appropriate in this case, should not be enhanced due to willfulness. Despite his conclusory claim to maximum statutory damages in the Complaint, Mango offers no evidence of willful infringement, for which he bears the burden of proof, *see Bryant*, 603 F.3d at 144 ("The burden of proving willfulness is on the copyright holder") (citing 17 U.S.C. § 504(c)), and he will be unable to do so during trial.

Courts in this Circuit have defined willful copyright infringement as "a defendant's actual or constructive knowledge 'that its actions constitute an infringement.'" *Branch v. Ogilvy & Mather, Inc.*, 772 F. Supp. 1359, 1364 (S.D.N.Y. 1991) (quoting *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1116-17 (2d Cir.1986)). Mango has proffered no evidence to show that BuzzFeed had actual or constructive knowledge that Mr. Hayes' actions constituted infringement or that BuzzFeed did not have a reasonable belief that its actions did not constitute

infringement. Indeed, the only relevant documentary evidence in the record suggests just the opposite, and witness testimony will corroborate the story that Mr. Hayes, the author of the BuzzFeed article, reasonably relied on representations by Mr. Parker's attorneys that he was free to use the Photograph as depicted in the New York *Post* article about Mr. Parker's legal victory; the evidence further shows the attorneys' approval of the piece. (*See, e.g.*, D. Ex. 1 at MANG0037-38, 0042-44.) Mr. Hayes had the opposite of actual or constructive knowledge of infringement given that Mr. Parker's legal representatives and/or Mr. Parker gave Mr. Hayes permission to use the Photograph, even though in reality they may not have had the authority to do so.

Grasping for straws to justify enhanced damages, Mango claims in the operative Complaint that BuzzFeed must be willful because it "has been sued for copyright infringement" in the past, is "in the publishing industry," is "knowledgeable about licensing photographs," and was represented "by sophisticated counsel" at the time of its use of the Photograph. (*See* Am. Cplt. ¶¶ 22-26, 30.) None of these allegations is relevant much less sufficient to support a finding of willfulness, particularly given the dearth of evidence in the record.

First, BuzzFeed's status as a major media company, its knowledge about licensing, and its retention of counsel does not impute actual or constructive knowledge about the copyright status of the Photograph or the alleged infringement thereof. To impute such knowledge to BuzzFeed would be to assume that all media companies who license images and retain lawyers should be held to actual or constructive knowledge of the copyright status of every image on the Internet. Such a result is not only absurd, but is belied by the Copyright Act, which specifically eschews placing such burdens on online media companies in related areas of the statute such as the Digital Millennium Copyright Act ("DMCA"). *Cf.* 17 U.S.C. § 512(m) (stating that

applicability of DMCA safe harbor cannot be conditioned on a service provider "monitoring its service or affirmatively seeking facts indicating infringing activity"); S. Rep. No. 105-190, at 48 (1998) (making clear that "a [service] provider could not be expected, during the course of its brief cataloguing visit, to determine whether [a] photograph was still protected by copyright or was in the public domain; if the photograph was still protected by copyright, whether the use was licensed; and if the use was not licensed, whether it was permitted under the fair use doctrine").

Second, while BuzzFeed has been subject to several meritless copyright lawsuits in the past, primarily by the Liebowitz firm, this fact has no relevance to a finding of willfulness, particularly because BuzzFeed has never been ruled liable for copyright infringement.[6] Indeed, Mango and his lawyers should not be casting aspersions; Mango's attorneys and their clients have been subject to multiple sanctions and/or fee awards for bringing frivolous claims and engaging in litigation misconduct. *See, e.g.*, *Steeger v. JMS Cleaning Servs. LLC*, No. 17 Civ. 8013 (DLC), 2018 WL 1136113 (S.D.N.Y. Feb. 28, 2018) (imposing $10,000 sanction where Richard Liebowitz failed to serve notice of pretrial conference, made misrepresentations in a letter to the court, and needlessly made the litigation more expensive), *opinion vacated in part on reconsideration*, 2019 WL 1363497 (S.D.N.Y. Mar. 15, 2018) (reducing amount of monetary sanctions to $2,000 and ordering Mr. Liebowitz to complete four CLE credit hours in ethics and professionalism); *McDermott*, 2018 WL 1033240, at *3 (plaintiff represented by Liebowitz firm withdrew complaint without prejudice in face of Rule 12(b)(2) motion to dismiss; court declined to award fees but stated "[i]f Mr. Liebowitz files any other action in this district against a

---

[6] That some cases may have settled is also irrelevant, as this is the way such law firms do business. *See McDermott v. Monday Monday, LLC*, No. 17CV9230 (DLC), 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018) (noting that the Liebowitz law firm "plays a numbers game in which it targets hundreds of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.") (cleaned up).

11

defendant over whom there is no non-frivolous basis to find that there is personal jurisdiction, the outcome may be different"); *Cruz v. Am. Broad. Cos.*, No. 17-cv-8794 (LAK), Dkt. No. 7 (S.D.N.Y. Nov. 17, 2017) (court, *sua sponte* upon filing of a complaint by Liebowitz firm, ordered plaintiff to show cause why he should not post security for costs and fees as a condition of proceeding with the action).[7]

Finally, assuming Mango's reference, via his later document production, to other publications that reported on Mr. Parker's story but did not use images, or used generic stock images, is meant to bolster his willfulness argument (which is not clear), this fact is irrelevant, but otherwise is undercut by Mango's own deposition testimony. The primary concern of the *Post* – and by logical extension other media outlets looking to report about the court case of a specific individual – was to obtain a photograph of Mr. Parker to use in the story. (*See* Mango Depo. Tr. 72:14-73:20; 74:3-8; 76:8-11; 78:10-15.) BuzzFeed's use of a logical image to illustrate a news story about an individual does not suggest that BuzzFeed acted willfully, nor does it suggest that BuzzFeed would not have used another image had it known that it did not have authority to use the photograph.

## II. THERE IS NO EVIDENCE IN THE RECORD TO SUGGEST THAT BUZZFEED IS LIABLE UNDER DMCA SECTION 1202(B)

Mango has attempted to plead a claim for violation of 17 U.S.C. § 1202(b) but has adduced no evidence to substantiate such a claim. Section 1202(b) requires a defendant to *intentionally* remove or alter CMI "knowing, or, . . . having reasonable grounds to know, that it

---

[7] *See also Rudkowski v. Mic Network, Inc.*, No. 17 Civ. 3647 (DAB), 2018 WL 1801307, at *3-5 (S.D.N.Y. Mar. 23, 2018) (granting motion to dismiss on *de minimis* use grounds; fees and sanctions motion against plaintiff and Liebowitz firm pending); *Kanongataa v. Coed Media Grp., LLC*, No. 16 Civ. 7472 (LAK), Dkt. Nos. 27 & 46 (S.D.N.Y. Feb. 15, 2017) (granting motion to dismiss on fair use and *de minimis* use grounds and awarding fees to defendants against plaintiff represented by Liebowitz firm).

will induce, enable, facilitate, or conceal an infringement of any right under this title." *Id. See also BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 610 (S.D.N.Y. 2010). As a threshold matter, it does not appear that the Photograph, itself, includes any CMI in its metadata. (*See* D. Ex. 7.) Even if it did, there is no evidence that any CMI was intentionally removed from the Photograph's metadata or elsewhere; rather, the testimony will show that Mr. Hayes simply downloaded or saved the image file of the Photograph without touching its metadata (or included CMI, if any),[8] and only added a photo "gutter credit" naming Mr. Parker's lawyers, whom he reasonably believed were entitled to the credit for the reasons stated above.

Nonetheless, while Mango states, in conclusory fashion and based solely on information and belief that BuzzFeed acted with the requisite intent and purpose to conceal or encourage infringement (*see* Am. Cplt. ¶¶ 36-41), he has not carried his burden in *proving* these essential elements of his claim. *See Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 2992663, at *17 (S.D.N.Y. July 14, 2017) ("Fischer has not established that defendants violated the DMCA by removing CMI from his copyrighted photo.").[9]

There is no evidence that Mr. Hayes included a credit to the party he thought was the copyright holder in order to "induce, enable, facilitate, or conceal" an infringement. If anything, the record shows that BuzzFeed's use of the Photograph and Mr. Hayes' crediting the Photograph to Mr. Parker's lawyers was, at worst, a mistake or misunderstanding (and at best a valid use subject to a license), and such conduct comes nowhere near the *mens rea* required for a

---

[8] *Contra Hirsch v. CBS Broad. Inc.*, No. 17 CIV. 1860 (PAE), 2017 WL 3393845, at *1 (S.D.N.Y. Aug. 4, 2017) (denying motion to dismiss § 1202 claim where record made clear that defendants consciously cropped plaintiff's gutter credit from the photograph prior to using the photograph in a TV episode).

[9] The allegations in the Complaint would arguably not even pass muster at the pleading stage, let alone at the trial stage. *See, e.g.*, *Chevrestt v. Am. Media, Inc.*, No. 16 CIV. 5557, 2016 WL 4557318, at *2 (S.D.N.Y. Aug. 31, 2016) (dismissing § 1202 claim which contained "no factual allegations supporting an inference that CMI alteration or removal was done intentionally").

CMI claim. As discussed *supra*, and as the testimony will further bear out, Mr. Hayes had every reason to believe that his use of the Photograph was authorized and thus would have had every reason to believe that a credit to Mr. Parker's lawyers was appropriate and legally sufficient (*see* Def. Ex. 1). Unsupported claims of intentional removal of CMI like the ones at issue here have been dismissed at trial for similar reasons. *See, e.g.*, *Agence France Presse v. Morel*, No. 10-CV-2730 AJN, 2014 WL 3963124, at *9 (S.D.N.Y. Aug. 13, 2014) ("Because there was therefore insufficient evidence supporting the jury's finding that Getty acted with the knowledge required by § 1202(b), the Court concludes as a matter of law that Getty was not liable under that subsection.").

Finally, Mango's allegations concerning BuzzFeed's "high level of sophistication" (*see* Am. Cplt. ¶ 41) are irrelevant. There is no sophistication element in a CMI claim; intent is the essential element under § 1202(b), and BuzzFeed's use of an image that Mr. Hayes believed was authorized defeats any plausible claim of intent under the statute, as would any mental state that does not go specifically to the intention "to induce, enable, facilitate, or conceal an infringement" of Mango's rights.

## CONCLUSION

The aggressive and tone-deaf litigation strategy employed by Mango and his attorneys is antithetical to the purpose of the Copyright Act and should not be tolerated. For the foregoing reasons, if the Court finds any liability, minimal damages should be awarded to Mango in accordance with reasonable license fees, and BuzzFeed should not be held liable under Mango's unsupported CMI claim.

Dated: New York, New York  
      July 13, 2018

COWAN, DEBAETS, ABRAHAMS & SHEPPARD, LLP

By: /s/Eleanor M. Lackman  
Eleanor M. Lackman  
Brittany L. Kaplan-Peterson  
41 Madison Avenue, 38th Floor  
New York, New York 10010

*Attorneys for Defendant BuzzFeed, Inc.*